**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| NIMA GHARAVI, | MISCELLANEOUS ACTION |
| Petitioner, | |
| v. | |
| WILLIE SAYLOR, | Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |
| Respondent. | |

**MOTION TO COMPEL WILLIE SAYLOR TO COMPLY WITH
SUBPOENA DUCES TECUM**

Petitioner Nima Gharavi ("Petitioner"), appearing *pro se*, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 45(d)(2)(B) for an order compelling Willie Saylor ("Saylor") to comply with a subpoena for production of documents issued in *Gharavi v. Presley*, Case No. 1:24-cv-1969 (N.D. Ill.). The grounds for this Motion are set forth more fully in the accompanying Memorandum of Law, Local Rule 26.1 Certification, and Declaration of Nima Gharavi with Exhibits A through P in support thereof, which are incorporated by reference herein.

Dated: February 8, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIMA GHARAVI,<br><br>    Petitioner,<br><br>v.<br><br>WILLIE SAYLOR,<br><br>    Respondent. | MISCELLANEOUS ACTION<br><br><br><br>Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL WILLIE
SAYLOR TO COMPLY WITH SUBPOENA DUCES TECUM**

Petitioner Nima Gharavi ("Petitioner"), appearing *pro se*, respectfully submits this Memorandum of Law in support of his Motion to Compel Willie Saylor ("Saylor") to comply with a subpoena for production of documents issued in *Gharavi et al. v. Presley et al.*, Case No. 1:24-cv-1969 (N.D. Ill.) (the "Underlying Action").

## <u>INTRODUCTION AND BACKGROUND</u>

Petitioner's counsel filed the Underlying Action on March 8, 2024, asserting claims against several defendants, including Willie Saylor ("Saylor"), for defamation, invasion of privacy, doxing, and additional claims arising from a series of false and negative social media posts and public statements made about Petitioner. Gharavi Decl., Ex. A (Complaint).

On November 6, 2024, the Northern District of Illinois entered a default order against Saylor. Gharavi Decl., Ex. B (Entry of Default). Following the entry of default, Petitioner's counsel sought discovery from Saylor by serving him with a third-party subpoena for documents on October 3, 2025. Gharavi Decl., Ex. C (Subpoena, Notice of Subpoena, and Rider). The subpoena

sought information related to Saylor's communications and other documents that pertain to Petitioner or his YouTube channel "Midwest Wrestle." *Id.*

Having heard no response from Saylor, Petitioner's counsel contacted him on October 22, 2025, seeking an update on the status of his compliance with the document subpoena. Gharavi Decl., Ex. D (email dated October 22, 2025). Petitioner's counsel did not receive a response. Petitioner's counsel again contacted Saylor via email on November 3, 2025, inquiring as to the status of document production. Saylor responded and indicated that he did not have any communications. Gharavi Decl., Ex. E (emails dated November 3, 2025).

However, Petitioner is aware of several documents demonstrating that Saylor has participated in conversations concerning Petitioner and therefore possesses responsive materials. For example, Saylor exchanged direct messages with Petitioner on X (formerly Twitter). Gharavi Decl., Ex. F (X Corp. Direct Messages). In a post on X, Saylor stated that he contacted FloSports for representation in the Underlying Action. Gharavi Decl., Ex. G (screenshot). Further, in a publicly available podcast, Saylor admitted that several individuals called him, urging that "something needs to be done" about Petitioner's videos.[1]

Given Saylor's own personal involvement in the events giving rise to Petitioner's claims, and the necessity of obtaining information from Saylor, Petitioner's counsel decided to subpoena Saylor for a deposition. On December 18, 2025, Petitioner's counsel issued a Notice of Deposition to Saylor. Gharavi Decl., Ex. H (Notice of Deposition). The Notice included a filler date, which counsel explained was a placeholder, and asked Saylor to provide dates when he would be available for deposition. Gharavi Decl., Ex. I (email dated December 18, 2025). Saylor did not

---

[1] The podcast, available at https://rokfin.com/stream/35076/TFW-Ferrari-Commit-Bad-Stories-JR-Trials, requires a subscription to access. Petitioner can provide a transcript upon the Court's request should the Court find it helpful.

respond. Despite counsel for Petitioner's repeated attempts to secure Saylor's compliance—including emails dated December 18, 2025, December 30, 2025, January 5, 2026, and January 15, 2026—Saylor has remained almost entirely non-responsive. Gharavi Decl., Exs. I, J, K, N.

On January 6, 2026, Petitioner's counsel mailed a subpoena for deposition to Saylor via U.S. Certified Mail to his Easton, Pennsylvania address on file with the Northern District of Illinois. Gharavi Decl., Ex. L (Subpoena to Testify and Notice of Subpoena). To ensure Saylor's receipt, Petitioner's counsel also sent the subpoena on January 12, 2026, to Saylor's stated Coeur d'Alene, Idaho address. Gharavi Decl., Ex. M (FedEx Tracking). The tracking indicated successful delivery to the Idaho address on January 13, 2026. *Id.* Petitioner's counsel followed up with Saylor on January 15, 2026, requesting a response and indicating Petitioner's intent to file a motion to compel if Saylor did not do so. Gharavi Decl., Ex. N (email dated January 15, 2026). Petitioner's counsel received no response.

On January 16, 2026, Petitioner's counsel filed a motion in the Northern District of Illinois to compel Saylor's compliance with both the document subpoena and the deposition subpoena. On January 26, 2026, Magistrate Judge Beth W. Jantz issued an order denying the motion in part without prejudice. Gharavi Decl., Ex. O (N.D. Ill. Order).

As to the document subpoena, Judge Jantz found it violated Federal Rule of Civil Procedure 45(c)(2)(A)'s 100-mile limit because it was "directed to Saylor, who apparently lived in Coeur d'Alene, Idaho as of 2024," but "purport[ed] to require him to produce documents to Plaintiff's counsel's office in Chicago, which is more than 100 miles from Coeur d'Alene." *Id.* The Court noted that "subpoenas served out of District generally need to be enforced in the District where served." *Id.*

As to the deposition subpoena, Judge Jantz required proof of personal service, stating: "At the January 28, 2026 status hearing, Plaintiff must be prepared to address where Saylor has been served. At a minimum, this Court is likely to require personal service on Mr. Saylor (as opposed to just mail or certified mail)." *Id.*

In response, Petitioner's counsel arranged for process servers at both Saylor's stated Idaho address and his Easton, Pennsylvania address on file with the Northern District of Illinois—an address Saylor never updated despite declaring he had moved to Idaho. On January 28, 2026, the Pennsylvania process server successfully accomplished substitute service at Saylor's Easton abode, where "[t]he Mother did confirm he lived at this address, when asked." Gharavi Decl., Ex. P (Proof of Service). This established that Saylor resides in Easton, Pennsylvania.

Petitioner now brings this motion in the proper venue to compel compliance with the document subpoena. This Court has authority under Rule 45(d)(2)(B)(i) to enforce the document subpoena (Gharavi Decl., Ex. C), and electronic production to the email address identified in the subpoena eliminates the 100-mile rule concern that prevented enforcement in Illinois.

## LEGAL STANDARD

Federal Rule of Civil Procedure 45(a) allows parties to a lawsuit to subpoena records from third parties. Fed. R. Civ. P. 45(a). Further, a subpoena to produce materials or permit inspection of materials "must issue from the court where the action is pending." Fed. R. Civ. P. 45(a)(2). However, if the subpoena's recipient does not comply with the subpoena, the "serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

A subpoena served under Federal Rule of Civil Procedure 45 must fall within the scope of proper discovery under Rule 26(b)(1). *Green v. Cosby*, 314 F.R.D. 164, 169 (E.D. Pa. 2016).

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case ....Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* at 171. "Relevance is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case.'" *Id.* (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

To establish an "undue burden" under Federal Rule of Civil Procedure 45(d)(3)(A)(iv), the party resisting the subpoena must show a "clearly defined and serious injury." *Burgess v. Galloway*, No. 20-cv-06744, 2021 WL 2661290, at *5 (D. N.J. Jan. 28, 2021). A subpoena is considered unduly burdensome when the Court finds that it is "unreasonable or oppressive." *Id.* at *3. A non-party that objects to a subpoena on burden or related grounds must substantiate its objections and detail the burdens that compliance would entail.

## **ARGUMENT**

Saylor resides in Easton, Pennsylvania, within this district, and Petitioner now seeks compliance within this district to conform with Rule 45(c)(2)(A). Accordingly, this Court has the authority to enforce the Subpoena.

Petitioner brings this motion because Saylor's serial non-responsiveness has made court intervention necessary. Saylor has not provided Petitioner with any indication that a response is forthcoming. Compliance with the document subpoena is necessary because Saylor has critical and relevant information about this case. Petitioner is in need of documents related to Saylor's knowledge and his related communications to pursue claims against the remaining defendant in the Underlying Action. Moreover, any burden of complying with Petitioner's subpoena would be minimal. Saylor has wholly neglected to demonstrate how his compliance would impose an undue

burden. Saylor's ongoing and repeated lack of response is straining Petitioner's efforts to comply with the Northern District of Illinois' discovery deadline.

In addition, Petitioner has identified multiple documents demonstrating that Saylor has participated in conversations concerning Petitioner and therefore possesses responsive materials to the document subpoena. To the extent Saylor now contends that he has no responsive documents or communications in his possession, custody, or control, Petitioner respectfully requests that he be compelled to sign an affidavit of completeness attesting to that fact under penalty of perjury.

Accordingly, Petitioner's motion to compel should be granted.

## **CONCLUSION**

WHEREFORE, Petitioner Nima Gharavi requests that this Court enter an order compelling Willie Saylor to comply with Petitioner's subpoena for documents within fourteen (14) days of the Court's order by electronic transmission to the email address identified in the subpoena, or in the alternative, if Saylor contends he possesses no responsive documents, compelling Saylor to execute an affidavit of completeness under penalty of perjury attesting to that fact within seven (7) days of the Court's order, and granting such other and further relief as this Court deems just and proper.

Dated: February 8, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NIMA GHARAVI,<br><br>        Petitioner,<br><br>v.<br><br>WILLIE SAYLOR,<br><br>        Respondent. | MISCELLANEOUS ACTION<br><br><br><br>Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |

## <u>DECLARATION OF NIMA GHARAVI</u>

I, Nima Gharavi, declare as follows:

1. I am the Petitioner in this matter and the plaintiff in *Gharavi v. Presley*, Case No. 1:24-cv-1969 (N.D. Ill.). I have personal knowledge of the facts set forth in this declaration.

2. On March 8, 2024, my counsel filed a complaint in the Northern District of Illinois asserting claims against several defendants, including Willie Saylor ("Saylor"), for defamation, invasion of privacy, doxing, and additional claims arising from a series of false and negative social media posts and public statements made about me. A true and correct copy of the Complaint is attached as **Exhibit A**.

3. On November 6, 2024, the Northern District of Illinois entered a default order against Saylor for his failure to respond to the Amended Complaint. A true and correct copy of the Entry of Default is attached as **Exhibit B**.

4.  On October 3, 2025, my counsel, acting on my behalf, caused a subpoena for production of documents to be issued to Saylor. A true and correct copy of the Subpoena, Notice of Subpoena, and Rider is attached as **Exhibit C**.

5.  On October 22, 2025, my counsel sent an email to Saylor seeking an update on the status of his compliance with the document subpoena. A true and correct copy of the email dated October 22, 2025, is attached as **Exhibit D**. My counsel did not receive a response.

6.  On November 3, 2025, my counsel again contacted Saylor via email inquiring as to the status of document production. Saylor responded and indicated that he did not have any communications. A true and correct copy of the emails dated November 3, 2025, is attached as **Exhibit E**.

7.  However, I am aware that Saylor exchanged direct messages with me on X (formerly Twitter). A true and correct copy of X Corp. Direct Messages is attached as **Exhibit F**. These direct messages reflect the last time Saylor and I communicated directly, which was on May 24, 2023.

8.  In a post on X, Saylor stated that he contacted FloSports for representation in the underlying litigation. A true and correct copy of this screenshot is attached as **Exhibit G**.

9.  On December 18, 2025, my counsel issued a Notice of Deposition to Saylor. A true and correct copy of the Notice of Deposition is attached as **Exhibit H**.

10. On December 18, 2025, my counsel sent an email to Saylor explaining that the Notice of Deposition included an arbitrary date and asking Saylor to provide dates when he would be available for deposition. A true and correct copy of the email dated December 18, 2025, is attached as **Exhibit I**. Saylor did not respond.

11. On December 30, 2025, my counsel again requested that Saylor provide his availability for scheduling his deposition. A true and correct copy of the email dated December 30, 2025, is attached as **Exhibit J**. Saylor did not respond.

12. On January 5, 2026, my counsel contacted Saylor indicating our intent to file a motion to compel if Saylor failed to respond regarding his deposition. A true and correct copy of the email dated January 5, 2026, is attached as **Exhibit K**. Saylor did not respond.

13. On January 6, 2026, my counsel mailed a subpoena for deposition to Saylor via U.S. Certified Mail to his Easton, Pennsylvania address on file with the Northern District of Illinois. A true and correct copy of the Subpoena to Testify and Notice of Subpoena is attached as **Exhibit L**.

14. To ensure Saylor's receipt, my counsel also sent the subpoena on January 12, 2026, to Saylor's stated Coeur d'Alene, Idaho address. A true and correct copy of the FedEx Tracking is attached as **Exhibit M**. The tracking indicated successful delivery to the Idaho address on January 13, 2026.

15. On January 15, 2026, my counsel followed up with Saylor requesting a response and indicating our intent to file a motion to compel if Saylor did not do so. A true and correct copy of the email dated January 15, 2026, is attached as **Exhibit N**. My counsel received no response.

16. To date, Saylor has neither served objections to the document subpoena nor produced a single document in the more than three months since the Subpoena was served.

17. On January 16, 2026, my counsel filed a motion in the Northern District of Illinois to compel Saylor's compliance with both the document subpoena and the deposition

subpoena. On January 26, 2026, Magistrate Judge Beth W. Jantz issued an order denying the motion in part without prejudice. A true and correct copy of the N.D. Ill. Order is attached as **Exhibit O**.

18. Judge Jantz found that the document subpoena violated Federal Rule of Civil Procedure 45(c)(2)(A)'s 100-mile limit because it was "directed to Saylor, who apparently lived in Coeur d'Alene, Idaho as of 2024," but "purport[ed] to require him to produce documents to Plaintiff's counsel's office in Chicago, which is more than 100 miles from Coeur d'Alene." (Ex. O.) The Court noted that "subpoenas served out of District generally need to be enforced in the District where served." (*Id.*)

19. As to the deposition subpoena, Judge Jantz required proof of personal service, stating: "At the January 28, 2026 status hearing, Plaintiff must be prepared to address where Saylor has been served. At a minimum, this Court is likely to require personal service on Mr. Saylor (as opposed to just mail or certified mail)." (Ex. O.)

20. Judge Jantz did not address the merits of my request or question the relevance or propriety of the subpoena. (Ex. O.)

21. In response to Judge Jantz's directive, my counsel arranged for process servers at both Saylor's stated Idaho address and his Easton, Pennsylvania address. The Pennsylvania address remained on file with the Northern District of Illinois for service of notices and pleadings.

22. On January 28, 2026, the Pennsylvania process server successfully accomplished substitute service at Saylor's Easton abode. A true and correct copy of the Proof of Service is attached

4

as **Exhibit P**. The process server noted that "[t]he Mother did confirm he lived at this address, when asked." (*Id.*)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 8, 2026

/s/ *Nima Gharavi*

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

5

# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS,**
**EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | Case No. 1:24-cv-1969 |
| v. | |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STEPHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25. | |
| Defendants. | |

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

Plaintiffs, NIMA GHARAVI ("Mr. Gharavi") and RIGHT CALL OFFICIALS, INC. ("Right Call Officials, Inc.") (collectively, "Plaintiffs"), by counsel, SWANSON, MARTIN & BELL, LLP, for their Verified Complaint against Defendants, FLOSPORTS, INC., CHRISTIAN PYLES, JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, ALLYSON SCHWAB, PATRICK MINEO, JON KOZAK, SKRAMBLE WRESTLING GEAR LLC, STEPHEN KOLANKOWSKI, and JOHN DOES 1-25 (collectively "Defendants"), state as follows:

## PARTIES

1.      Plaintiff Nima Gharavi is a citizen of the State of Illinois and a resident of Chicago, Illinois. Mr. Gharavi is a registered wrestling official with the National Collegiate Athletic

Association ("NCAA"), the Illinois High School Association ("IHSA"), the Illinois Elementary

School Association ("IESA"), USA Wrestling ("USAW"), and other wrestling organizations. Mr.

Gharavi has officiated wrestling matches all over the United States, including in the State of

Illinois. Mr. Gharavi also has an established a YouTube channel, managed by his company,

Plaintiff, Right Call Officials, Inc., an Illinois corporation, under the handle "Midwest Wrestle,"

in which he posts his edited videos of wrestling matches from all over the United States.

2.      Upon information and belief, Defendant, FloSports, Inc. ("FloSports"), is a Texas

corporation with a principal place of business located at 979 Springdale Road, Suite 120, Austin,

Texas 78702. Upon information and belief, FloSports records and broadcasts live sporting events,

including those which take place in Illinois.

3.      Upon information and belief, Defendant, Christian Pyles ("Mr. Pyles"), is citizen

of the State of Texas and a resident of Pflugerville, Texas. Upon information and belief, Mr. Pyles

is the Content Director at FloSports. Upon information and belief, Mr. Pyles registered and authors

posts on the social media platform X (formerly Twitter) under the handle "@CPyles8," which are

accessed by users across the United States.

4.      Upon information and belief, Defendant, Jessica Presley ("Ms. Presley"), is a

citizen of the State of Ohio and a resident of Madison, Ohio. Upon information and belief, Ms.

Presley registered and authors posts on the social media platform X (formerly Twitter) under the

handle "@JesssBlogs," which are accessed by users across the United States.

5.      Upon information and belief, Defendant, MatScouts, LLC ("MatScouts"), is a

Pennsylvania corporation with a principal place of business located at 2989 Old Nazareth Road,

Easton, Pennsylvania 18045. Upon information and belief, MatScouts is a wrestling media

company that posts videos of wrestling matches and commentary accessible by users across the

United States.

6.      Upon information and belief, Defendant, Willie Saylor ("Mr. Saylor"), is citizen
of the State of Idaho. Upon information and belief, Mr. Saylor registered and authors posts on the
social media platform X (formerly Twitter) under the handle "@MatScouts1," which are accessed
by users across the United States.

7.      Upon information and belief, Defendant, Allyson Schwab ("Ms. Schwab"), is a
citizen of the State of Iowa and resident of Cedar Falls, Iowa. Upon information and belief, Ms.
Schwab registered and authors posts on the social media platform X (formerly Twitter) under the
handle "@AllysonSchwab," which are accessed by users across the United States.

8.      Upon information and belief, Defendant, Patrick Mineo ("Mr. Mineo"), is a citizen
of the State of Pennsylvania and a resident of Northampton, Pennsylvania. Upon information and
belief, Mr. Mineo registered and authors posts on the social media platform Facebook under the
username "PatMineo22" and is an administrator for the Facebook Group called "The Wrestling
Room" which is accessed by users across the United States.

9.      Upon information and belief, Defendant, Jon Kozak ("Mr. Kozak"), is a citizen of
the State of Texas and a resident of Hutto, Texas. Upon information and belief, Mr. Kozak is the
Ranker at FloSports. Upon information and belief, Mr. Kozak registered and authors posts on the
social media platform InterMatWrestle.com under the username "Jon_Kozak," which is accessed
by users across the United States.

10.     Upon information and belief, Defendant, Skramble Wrestling Gear LLC
("Skramble"), is a New Jersey limited liability company with a principal place of business located
at 42 Outwater Lane, Apt 1R, Garfield, NJ 07026. Upon information and belief, Skramble is a
wrestling clothing company with a large social media following accessible by users across the

United States.

11.    Upon information and belief, Defendant, Stephen Kolankowski ("Mr. Kolankowski"), is citizen of the State of New Jersey. Upon information and belief, Mr. Kolankowski registered and authors posts on Skramble's social media platforms, including Instagram under the handle "@skramblewrestling," which are accessed by users across the United States.

12.    JOHN DOES 1-25 are as yet anonymous internet users on platforms including, but not limited to, X (formerly Twitter), Facebook, Reddit, Instagram, and InterMatWrestle.com who contributed to Defendants' wrongful actions and who Plaintiffs expect will be identified and named after written discovery in this matter is complete.

## JURISDICTION AND VENUE

13.    The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

14.    Personal jurisdiction exists over Defendants because, upon information and belief, all of Defendants' actions constituting the causes of actions below were the result of purposeful actions directed at Plaintiffs, who are located in the Northern District of Illinois.

15.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because, upon information and belief, a substantial part of the events giving rise to the claims asserted in this Complaint occurred in the Northern District of Illinois.

## NATURE OF THE CASE

16.    This lawsuit emanates from Defendants' publishing of malicious and false statements about Mr. Gharavi to third parties, which have resulted in great financial damage and

4

danger of physical harm to Mr. Gharavi.

17.    As a result of Defendants' conduct, Mr. Gharavi has incurred damages in excess of $75,000.

## FACTUAL ALLEGATIONS

*Plaintiffs' Background and Work*

18.    Mr. Gharavi is an individual with a longstanding passion for the sport of wrestling.

19.    Mr. Gharavi, individually and through his company Right Call Officials, Inc., has been a wrestling official through the NCAA, IHSA, IESA, USAW and other wrestling organizations for many years, and has officiated hundreds of wrestling matches across the United States.

20.    Mr. Gharavi is the only officer and employee of Right Call Officials, Inc. d/b/a Midwest Wrestle.

21.    In addition to his officiating duties, Mr. Gharavi attends local and regional wrestling matches hosted by high schools, colleges, and universities across the United States.

22.    Mr. Gharavi video records the wrestling matches he attends. The original—and a continuing—purpose of this work has been to build and grow a database of clips to be used for continuous improvement of wrestling officiating through in-person and online training clinics, as well as through the modification of rules, and the issuance of Case Book updates based upon these clips.

23.    After a number of years collecting clips originally seen only by officials, Mr. Gharavi established a YouTube channel under the handle "Midwest Wrestle" where he posts his edited videos to his Midwest Wrestle YouTube account to share his passion for the sport and so that friends and family of the athletes have a way to view and share the matches.

24.     To maximize his viewership and provide higher-quality videos to attendees and fans of the sport, Mr. Gharavi utilizes a high-quality video camera and has spent an immeasurable amount of time editing the matches he recorded.

25.     Mr. Gharavi has been working in the wrestling community for seven years. Midwest Wrestle has over 130,000 followers on YouTube.

***Third-Party Interference with Plaintiffs' Videos***

26.     Especially in light of the fact that many of the subjects of Mr. Gharavi's videos and fans of his account are minors, Mr. Gharavi spends several hours each day reviewing comments on the videos he posts to his Midwest Wrestle YouTube account, which includes translating comments in foreign languages to ensure offensive and inappropriate commentary are identified and removed and the offending accounts are blocked, and to otherwise ensure a positive and safe space for his viewers and the athletes contained within the videos.

27.     Mr. Gharavi has identified a number of websites that have embedded the Midwest Wrestle YouTube videos or otherwise re-posted his videos (the "Third-Party Websites").

28.     On or about June 5, 2023, Mr. Gharavi conducted an analysis of the top twenty-five most viewed videos on the Midwest Wrestle YouTube account and determined that Third-Party Websites, innocent or otherwise, make up less than 1% of the total viewership of his videos.

29.     Some of the Third-Party Websites include standard sources such as the NCAA and local wrestling clubs.

30.     Other Third-Party Websites, to Mr. Gharavi's great dismay, contain pornographic materials and other immoral and offensive content.

31.     Mr. Gharavi is in no way affiliated with any of these pornographic and offensive external websites and has never consented to his videos being posted on these Third-Party

Websites. Rather, the issue of wrestling match videos being re-posted to pornographic websites is unfortunate but common in the wrestling industry.

32.     In fact, Mr. Gharavi regularly submits takedown requests pursuant to the Digital Millennium Copyright Act ("DMCA") to offensive Third-Party Websites requesting they cease use or distribution of his videos.

33.     Mr. Gharavi strives to protect his video content and the athletes depicted within as much as he can.

34.     Mr. Gharavi has never posted his wrestling videos to pornographic websites nor encouraged anyone to post his videos to pornographic websites.

***Mr. Saylor and MatScouts Targeting of Plaintiffs***

35.     MatScouts and Mr. Saylor began intentionally and unjustifiably targeting Mr. Gharavi and Midwest Wrestle in the spring of 2023, when Mr. Saylor messaged Mr. Gharavi, accusing Mr. Gharavi of purposefully uploading his Midwest Wrestle YouTube videos to pornographic websites (*See* May 24, 2023 Saylor Direct Messages, attached as **Exhibit A**)

36.     Mr. Gharavi responded to Mr. Saylor vehemently denying his accusations.

37.     In June 1, 2023, despite the complete lack of evidence supporting his statements, MatScouts and Mr. Saylor released a podcast episode from MatScouts' page on the video-sharing platform Rokfin.com titled "TFW: Ferrari Commit, Bad Stories, and JR Trials" during which Mr. Saylor made statements identifying or otherwise referencing Mr. Gharavi, including, but not limited to accusing Mr. Gharavi of purposefully and "consistently" linking and embedding his Midwest Wrestle YouTube videos on pornographic websites ("MatScouts Podcast").

***FloSports and Mr. Pyles' Targeting of Plaintiffs***

38.     FloSports and Mr. Pyles began intentionally and unjustifiably targeting Mr.

Gharavi and Midwest Wrestle in the spring of 2023, when Connor Jaschen, acting as a representative of FloSports, knowingly submitted false DMCA takedown notices for twenty of Mr. Gharavi's YouTube videos. After nearly three weeks, Mr. Gharavi successfully defended each DMCA takedown notice submitted by FloSports. However, Mr. Gharavi was banned from posting any new content during that time. Additionally, it took Mr. Gharavi roughly four months to restore the viewership and revenue he was generating prior to FloSports' actions against him.

39.     Internal emails of FloSports dating as early as May 25, 2023 (the "May 25, 2023 Email Thread") show Mr. Pyles, acting as a representative of FloSports, calling Mr. Gharavi a "guaranteed predator who shoots videos of [high school] events and posts them on porn sites." (*See* May 25, 2023 Email thread with FloSports, attached as **Exhibit B**)

40.     In the May 25, 2023 Email Thread, Mr. Pyles also stated that Mr. Gharavi "enables the embed function for this purpose" in reference to the allegation that Mr. Gharavi intentionally posts his videos to pornographic websites.

41.     In the May 25, 2023 Email Thread, Defendants FloSports and Mr. Pyles accuse Mr. Gharavi of shooting the videos "for a deviant purpose," and Defendants stated their intention to contact numerous wrestling authorities, sports organizations, and other "wrestling leadership" to alert them to Mr. Gharavi's "sinister" conduct.

42.     During the DMCA takedown inquiry period, on June 2, 2023 FloSports sent Mr. Gharavi a letter (the "June 2, 2023 Letter") expressing its concern that Mr. Gharavi had filmed and posted videos of wrestling matches for which FloSports claims to have exclusive recording rights. (*See* June 2, 2023 Cease and Desist Letter, attached as **Exhibit C**)

43.     Within the June 2, 2023 Letter, FloSports raised concerns that Mr. Gharavi's videos "are being widely shared on pornographic web sites around the world," and further accused

Mr. Gharavi of fabricating his videos' popularity by intentionally exploiting his videos containing "youth wrestlers."

44.    On July 10, 2023, FloSports' outside counsel, Karen Burgess of Burgess Law PC ("Ms. Burgess"), stated in an email to Mr. Gharavi's prior counsel that "[Mr. Gharavi] has chosen to monetize this distribution of child pornography." (*See* July 10, 2023 Karen Burgess Email, attached as **Exhibit D**)

45.    On July 13, 2023, Mr. Gharavi responded to FloSports and Ms. Burgess (the "July 13, 2023 Response") vehemently denying these accusations and reiterating his commitment to ensuring his videos are taken off pornographic or offensive websites. (*See* July 13, 2023 Response, attached as **Exhibit E**)

46.    Following the July 13, 2023 Response, Defendants FloSports and Mr. Pyles knew, or reasonably should have known, that their allegations of Mr. Gharavi's misconduct were false.

47.    Upon information and belief, Defendants FloSports and Mr. Pyles have had every intention of widely disseminating to the wrestling community that Mr. Gharavi is an immoral and dangerous character. Upon information and belief, Defendants FloSports and Mr. Pyles published false statements regarding Mr. Gharavi's character to members of the wrestling community.

48.    Upon information and belief, Defendants FloSports and Mr. Pyles, or representatives of Defendants, knowingly forwarded false information about Mr. Gharavi and his alleged immoral character to wrestling coaches attending events where Mr. Gharavi was also in attendance.

*Social Media Attacks on Plaintiffs*

49.    Upon information and belief, from approximately December 30, 2023 through January 3, 2024, Ms. Schwab published and re-posted public social media posts identifying or

9

otherwise referencing Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

    a.  Accusing Mr. Gharavi of posting his Midwest Wrestle YouTube videos with an inappropriate intent; and

    b.  Insinuating Mr. Gharavi's Midwest Wrestle YouTube videos only garnered the number of views they did by using sexually suggestive and/or exploitive clips. (*See* Schwab Social Media Posts, attached as **Exhibit F**)

("Ms. Schwab's Social Media Posts").

50.    Upon information and belief, on December 30, 2023, Mr. Pyles, acting individually and as a representative of FloSports, published public social media posts identifying or otherwise referencing Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

    a.  Identifying Mr. Gharavi as an official within the wrestling industry;

    b.  Stating that FloSports has done everything in its power to eliminate Mr. Gharavi from their shared industry;

    c.  Characterizing Mr. Gharavi as "true evil";

    d.  Painting Mr. Gharavi's motives in recording and posting his videos as coming from a person "with twisted desires";

    e.  Calling Mr. Gharavi a "parasite" and confirming that FloSports has taken steps to alert the public that Mr. Gharavi poses a danger to the community;

    f.  Confirming that FloSports published statements about Mr. Gharavi's alleged immoral and dangerous conduct to "various authorities and wrestling leadership";

    g.  Accusing Mr. Gharavi of intentionally allowing pornographic websites to embed his videos into their own website; and

h. Accusing Mr. Gharavi of intentionally profiting from pornographic websites embedding his videos. (*See* FloSports/Pyles Social Media Posts, attached as **Exhibit G**)

("Mr. Pyles' Social Media Posts").

51.     Upon information and belief, on January 1, 2024, Mr. Kozak, acting individually and as a representative of FloSports, published public social media posts identifying or otherwise referencing Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

a. Stating that Mr. Gharavi's YouTube videos are embedded on pornographic websites; and

b. Admitting that FloSports knowingly issued false DMCA takedown requests against Mr. Gharavi in retaliation against Mr. Gharavi for his allegedly inappropriate behavior. (*See* FloSports/Pyles Social Media Posts, attached as **Exhibit H**)

("Mr. Kozak's Social Media Posts").

52.     Upon information and belief, on December 30, 2023 and December 31, 2023, Mr. Saylor, acting individually and as an agent of MatScouts, posted defamatory and inflammatory accusations against Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

a. Identifying Mr. Gharavi as the (previously unnamed) subject of Mr. Pyles' Social Media Posts;

b. Referencing Mr. Gharavi as an "evil" wrestling official "with twisted desires"; and

c. Accusing Mr. Gharavi of being removed from a wrestling event because of his inappropriate conduct. (*See* Saylor Social Media Posts, attached as **Exhibit I**)

("Mr. Saylor's Social Media Posts").

53.     Upon information and belief, on January 1, 2024, Mr. Mineo posted defamatory and inflammatory accusations against Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

      a. Calling Mr. Gharavi and his YouTube videos "very wicked";

      b. Accusing Mr. Gharavi of using "provocative thumbnails" and "suggestive angles" to increase views on his YouTube videos; and

      c. Encouraging others to take action to prevent Mr. Gharavi from being "allowed" next to children. (*See* Mineo Social Media Posts, attached as **Exhibit J**)

("Mr. Mineo's Social Media Posts").

54.     Upon information and belief, Ms. Presley made a series of defamatory, inflammatory, and doxing posts aimed at, and identifying Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

      a. Ms. Presley called Mr. Gharavi a "pedophile" and encouraged the wrestling community to band together to "stop" Mr. Gharavi; and

      b. Ms. Presley authored and published a post containing Mr. Gharavi's home address on December 31, 2023. (*See* Presley Social Media Posts, attached as **Exhibit K**)

("Ms. Presley's Social Media Posts")

55.     Upon information and belief, Skramble and Mr. Kolankowski made a series of defamatory, inflammatory, and doxing posts aimed at, and identifying Mr. Gharavi and/or Midwest Wrestle, including, but not limited to:

a. Re-posting screenshots of social media posts accusing Mr. Gharavi of intentionally allowing pornographic websites to embed his videos into their own website in an attempt to increase viewership; and

b. Publishing a post captioned "Absolutely Disgusting Stuff from @MidwestWrestle" containing Mr. Gharavi's full name, geographic location, headshot, and email address on January 1, 2024. (*See* Skramble Social Media Posts, attached as **Exhibit L**)

("Skramble's Social Media Posts")

(MatScouts Podcast, Mr. Pyles' Social Media Posts, Mr. Saylor's Social Media Posts, Ms. Schwab's Social Media Posts, Mr. Mineo's Social Media Posts, Mr. Kozak's Social Media Posts, Ms. Presley's Social Media Posts, and Skramble's Social Media Posts are hereinafter referred to as the "Social Media Posts").

56.     Mr. Gharavi is not a pedophile, does not engage in immoral or dangerous conduct, does not pose a danger to the wrestling community, and has never intentionally allowed or encouraged pornographic websites to embed his videos into their own website.

57.     Mr. Kozak, Mr. Pyles, and FloSports knew or should have known the defamatory statements made in the Social Media Posts were false.

58.     Mr. Saylor confronted Mr. Gharavi to inquire if the defamatory statements made in the Social Media Posts were true before posting them and was told they were false.

59.     Neither Ms. Schwab, nor Mr. Mineo, nor Mr. Presley, nor Mr. Kolankowski ever confronted Mr. Gharavi to inquire if the defamatory statements made in the Social Media Posts were true before posting them.

60.     Defendants knew or should have known of Mr. Gharavi's reputation in the

wrestling community and that Mr. Gharavi enters into business relationships with third-parties based on his successful Midwest Wrestle YouTube channel.

***Damage to Plaintiffs***

61.     Defendants John Does 1-25 have publicly expressed outrage, disgust, hatred, and have made threats of physical violence towards Mr. Gharavi in response to the statements made in Defendants' Social Media Posts.

62.     Wrestling coaches and/or employees of the organizations hosting wrestling events in which Mr. Gharavi attended have requested Mr. Gharavi and/or Midwest Wrestle to cease filming and/or leave the premises in response to the statements made in Defendants' Social Media Posts.

63.     Mr. Gharavi and/or Midwest Wrestle's contracts with organizations including, but not limited to, IESA, IHSA, and NCAA, have been cancelled in response to the statements made in Defendants' Social Media Posts.

64.     Following the posting of Mr. Gharavi's personal information in the Social Media Posts, on January 2, 2024, Mr. Gharavi was the subject of an attempted break-in at his home, at the address published by Ms. Presley.

65.     Following the break-in at his home, Mr. Gharavi fled the state for his own safety.

66.     Mr. Gharavi is now in fear for his life and his physical safety because of the inflammatory accusations made against him in the Social Media Posts.

67.     Mr. Gharavi has suffered and continues to suffer loss of his reputation because of the inflammatory accusations made against him in the Social Media Posts.

68.     Upon information or belief, Defendants conducted no reasonable investigation into their claims that Mr. Gharavi and/or Midwest Wrestle posts videos to pornographic websites.

69.    Upon information or belief, Defendants have no evidence that Mr. Gharavi and/or Midwest Wrestle posts videos to pornographic websites.

70.    Upon information or belief, Defendants have no evidence that Mr. Gharavi and/or Midwest Wrestle created or knowingly distributed child pornography.

71.    The Social Media Posts and other statements made by Defendants were not privileged and were published by Defendants with malice, hatred and ill will toward Mr. Gharavi and/or Midwest Wrestle and a desire to injure him, for which Plaintiffs seek punitive damages.

72.    As a result of Defendants' unlawful conduct, Mr. Gharavi (and Midwest Wrestle by proxy) has suffered severe injury to his character and reputation in his peer community and professional community, as well as diminished his future prospects for recording, endorsement, and sponsorship opportunities.

73.    As a result of Defendants' unlawful conduct, Mr. Gharavi (and Midwest Wrestle by proxy) has been asked to leave events, cease filming events, and/or had his press credentials revoked during events, which has subjected him to ridicule and embarrassment.

74.    As a result of Defendants' unlawful conduct, Mr. Gharavi is in danger of physical harm.

75.    As a result of Defendants' unlawful conduct, Mr. Gharavi has been exposed to public hatred, contempt, ridicule, harassment, and/or threats of physical harm causing severe and extreme injury to Mr. Gharavi's emotional, physical, and social wellbeing both now and in the future, and is in danger of physical harm.

**COUNT I:**
**Defamation Per Se**
*(Against All Defendants)*

76.    Plaintiffs restate and incorporate by reference the allegations contained in the

Paragraphs 1-75 as if fully stated herein.

77.    Defendants, without privilege or permission, published false statements about Mr. Gharavi to members of the wresting community and in the Social Media Posts.

78.    Defendants made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false and to intentionally injure Mr. Gharavi without just cause or excuse.

79.    Defendants acted with actual malice when they made the statements about Mr. Gharavi and encouraged others to repeat the statements.

80.    Defendants' statements impute the inability of Mr. Gharavi to perform or a want of integrity in the discharge of his duties as a wrestling official and video producer, and prejudice Mr. Gharavi in his profession or business and malign him in his business.

81.    Defendants' statements accuse and/or impute that Mr. Gharavi has committed criminal offenses, including, but not limited to, dissemination of child pornography, nonconsensual dissemination of pornographic images, creation of pornography, and/or contribution to the creation of child pornography, and/or encouragement of the creation of nonconsensual pornography.

82.    Defendants' statements caused Mr. Gharavi damage to his reputation in that other professionals in the wrestling industry, the online community at large, as well as current and potential consumers of Mr. Gharavi's YouTube channel, were told that Mr. Gharavi is a sexual predator and/or engages in pedophilia or other lewd behavior.

83.    As a result of Defendants' unlawful conduct, Mr. Gharavi has suffered severe injury to his character and reputation in his peer community and professional community, as well as diminished his future prospects for recording, endorsement, and sponsorship opportunities,

including, but not limited to, being asked to leave events, cease filming events, had his press credentials revoked during events, and/or contracts cancelled.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs punitive damages;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

### COUNT II: *In the Alternative to Count I*
### Defamation Per Quod
### *(Against All Defendants)*

84.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

85.    Defendants, without privilege or permission, published false statements about Plaintiffs to members of the wresting community and in the Social Media Posts.

86.    Defendants made these statements with knowledge of their falsity or in reckless disregard as to whether such statements were true or false and to intentionally injure Plaintiffs without just cause or excuse.

87.    Defendants acted with actual malice when they made the statements about Mr. Gharavi and/or Midwest Wrestle and encouraged others to repeat the statements.

88.    Defendants' statements caused Plaintiffs actual and provable reputational harm in that other professionals in the wrestling industry, the online community at large, as well as current and potential consumers of Mr. Gharavi's YouTube channel, who were told that Mr. Gharavi is a

sexual predator and/or engages in pedophilia or other lewd behavior.

89.     As a result of Defendants' unlawful conduct, Plaintiffs have suffered severe character and reputational injury in their peer and professional communities, as well as diminished future prospects for recording, endorsement, and sponsorship opportunities, including, but not limited to, being asked to leave events, cease filming events, had press credentials revoked during events, and/or contracts cancelled.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs punitive damages;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

## COUNT III:
### Invasion of Privacy by False Light
### *(Against All Defendants)*

90.     Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

91.     Defendants' publication of the statements made in the Social Media Posts, and their encouragement of others to disseminate its statements, placed misleading information about Mr. Gharavi before the public, creating an assertion that Mr. Gharavi had been involved in vile and serial criminal and sexual conduct when he had not.

92.     Defendants published the statements made about Mr. Gharavi in the Social Media Posts with knowledge that they were false or with reckless disregard of their falsity, and with the

intention to place Mr. Gharavi in a false light, and with knowledge of the false light in which Mr. Gharavi would be placed.

93.    Defendant's Social Media Posts accusing Mr. Gharavi of vile and serial criminal and sexual conduct, stating or implying likelihood of future harm to others, are highly offensive and injurious to Mr. Gharavi's past, current, and future character, reputation, and stature in the community, and by their nature, would be highly offensive to any reasonable person.

94.    Defendants acted with actual malice when they made the statements about Mr. Gharavi and encouraged others to repeat the statements.

95.    Defendants published their statements with reckless disregard to Mr. Gharavi's reputation, physical safety, and with reckless disregard for the falsity of their statements.

96.    As a result of Defendants' unlawful conduct, Mr. Gharavi has suffered great financial harm, embarrassment, extreme emotional distress, and harm to Mr. Gharavi's professional reputation.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2) Award Plaintiffs punitive damages;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

## COUNT IV:
### Intentional Infliction of Emotional Distress
### *(Against All Defendants)*

97.    Plaintiffs restate and incorporate by reference the allegations contained in the

Paragraphs 1-75 as if fully stated herein.

98.    Defendants' conduct of publishing false statements in the Social Media Posts that Mr. Gharavi is actively posting or encouraging others to post his videos to pornographic websites is extreme and outrageous, goes beyond the bounds of common decency, and is offensive to any reasonable person.

99.    Defendants intended to cause Mr. Gharavi emotional distress and/or knew that there was a high probability that their conduct would cause such emotional distress.

100.    Mr. Gharavi has experienced fear for his physical safety and his life upon receiving threats from the general public and having his identity and other personally identifiable information published by Defendants in the Social Media Posts.

101.    As a result of Defendants' conduct, Mr. Gharavi has experienced extreme emotional distress, anxiety, mental anguish, embarrassment and humiliation.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)    Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2)    Award Plaintiffs statutory pre-judgment interest; and

3)    Any other further relief it deems just and appropriate.

## COUNT V:
### Tortious Interference with Business Relationships
### *(Against All Defendants)*

102.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

103.    Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into or

continuing valid business relationships through the Midwest Wrestle YouTube channel.

104.    Mr. Gharavi and Midwest Wrestle had reasonable expectations of entering into or continuing valid business relationships as a wrestling official at events across the United States.

105.    Defendants knew of Plaintiffs' expectancies.

106.    Defendants intentionally and unjustifiably interfered to prevent Plaintiffs' expectancies from being fulfilled.

107.    Plaintiffs suffered damages as a result of Defendants' interference.

108.    Defendants' tortious interference was intentional and done in bad faith or, at a minimum, with reckless indifference to Plaintiffs' rights.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)   Enjoin Defendants from publishing false statements about Plaintiffs;

2)   Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

3)   Award Plaintiffs punitive damages;

4)   Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

5)   Any other further relief it deems just and appropriate.

### COUNT VI:
**Violation of the Uniform Deceptive Trade Practices Act (815 ILCS § 510/1 *et seq.*)**
***(Against Defendant FLOSPORTS, INC.)***

109.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

110.    Plaintiffs and Defendant FloSports, Inc. both post videos of wrestling matches to YouTube.

111.    Upon information and belief, FloSports took steps to falsely alert the public that Plaintiffs pose a danger to the community and had published statements about Plaintiffs' alleged immoral and dangerous conduct to various authorities and wrestling leadership.

112.    FloSports used deceptive representations of Plaintiffs' character in connection with its own business practices.

113.    FloSports has misrepresented to consumers that Mr. Plaintiffs' goods and services have immoral characteristics and/or Plaintiffs' uses their goods and services in immoral and offensive ways; disparaged Plaintiffs, Plaintiffs' goods and services, and/or Plaintiffs' business by publishing false or misleading representation of fact; and published its statements knowing and/or hoping they would harm Plaintiffs' business, or with reckless disregard for the falsity of said statements.

114.    FloSports knew or should have known its statements were false.

115.    FloSports' statements have caused great harm to Plaintiffs' business and reputation.

116.    FloSports acted willfully in its engagement in deceptive trade practices.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enjoin Defendant FLOSPORTS, INC. from disclosing or continuing to disclose Mr. Gharavi's personally identifiable information or sensitive personal information;

2) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3) Any other further relief it deems just and appropriate.

**COUNT VII:**
**Misrepresentation Under 17 USC § 512(f)**
*(Against Defendant FLOSPORTS, INC.)*

117.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

118.    Midwest Wrestle did not infringe on any copyright owned or administered by Defendant FloSports, Inc.

119.    On information and belief, Defendant FloSports, Inc. knew or should have known that Midwest Wrestle did not infringe on any of Defendant FloSports, Inc.'s copyrights on the day(s) they submitted DMCA notices against Midwest Wrestle's YouTube videos.

120.    Accordingly, Defendant FloSports, Inc. violated 17 U.S.C. § 512(f) by knowingly materially misrepresenting that Midwest Wrestle infringed on Defendant FloSports, Inc.'s copyrights.

121.    As a direct and proximate result of Defendant FloSports, Inc.'s actions, Midwest Wrestle has been injured substantially and irreparably, including, but is not limited to, the financial and personal expenses associated with responding to the DMCA complaints and harm to Midwest Wrestle's free speech rights under the First Amendment.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1)  Enter judgment in their favor and against Defendant FLOSPORTS, INC. in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2)  Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3)  Any other further relief it deems just and appropriate.

23

**COUNT VIII:**
**Unjust Enrichment**
***(Against Defendant FLOSPORTS, INC.)***

122.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

123.    FloSports received a benefit from Plaintiffs by way of redirection of Plaintiffs' good and honorable reputation and Plaintiffs' goodwill within the wrestling community.

124.    FloSports' business has financially benefitted from its publication of false and defamatory statements about Plaintiffs and their moral character.

125.    FloSports has unjustly retained the benefits flowing from its publication of false and defamatory statements about Plaintiffs and their moral character.

126.    FloSports' retention of these benefits is detrimental to Plaintiffs.

127.    FloSports' retention of these benefits violates the fundamental principles of justice, equity, and good conscience.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully requests the Court:

1)  Enter judgment in their favor and against Defendants in an amount to be determined at trial, but estimated to be well in excess of $75,000;

2)  Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

3)  Any other further relief it deems just and appropriate.

**COUNT IX:**
**Violation of the Illinois Civil Liability for Doxing Act (740 ILCS § 195/1 *et seq.*)**
***(Against Defendants MATSCOUTS, LLC, WILLIE SAYLOR, JESSICA PRESLEY,***
***SKRAMBLE WRESTLING GEAR LLC, and STEPHEN KOLANKOWSKI)***

128.    Plaintiffs restate and incorporate by reference the allegations contained in the Paragraphs 1-75 as if fully stated herein.

24

129.    Defendants MatScouts and Mr. Saylor published Mr. Gharavi's personally identifiable information in the statements made in the Social Media Posts, including, but not limited to: Mr. Gharavi's identity and name.

130.    Defendant Ms. Presley, published Mr. Gharavi's personally identifiable information in the statements made in the Social Media Posts, including, but not limited to: Mr. Gharavi's identity, name, and home address.

131.    Defendants Skramble, and Mr. Kolankowski published Mr. Gharavi's personally identifiable information in the statements made in the Social Media Posts, including, but not limited to: Mr. Gharavi's identity, name, photograph, and email address.

132.    Mr. Gharavi did not consent to having his identity published in connection with MatScouts', Mr. Saylor's, Ms. Presley's, Skramble's, or Mr. Kolankowski's statements.

133.    MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski intentionally published Mr. Gharavi's identity and Mr. Gharavi's personally identifiable information with that intent that it be used to harm or harass Mr. Gharavi.

134.    MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski published Mr. Gharavi's identity and/or personally identifiable information with knowledge or reckless disregard that Mr. Gharavi would be reasonably likely to suffer death, bodily injury, or stalking.

135.    As a result of MatScouts', Mr. Saylor's, Ms. Presley's, Skramble's, or Mr. Kolankowski's published statements, Mr. Gharavi has been subject to stalking, harassment, and threats of bodily injury or physical harm.

136.    As a result of Mr. MatScouts', Mr. Saylor's, Ms. Presley's, Skramble's, or Mr. Kolankowski's published statements, Mr. Gharavi has suffered substantial life disruption, economic injury, emotional distress, and/or fear serious bodily injury or death to his person and

25

other members of his family.

137.    MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski encouraged others, directly or indirectly, to violate the Illinois Civil Liability for Doxing Act.

138.    MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski knowingly benefited, financially and/or otherwise, from publishing their statements and identifying Mr. Gharavi in connection with their statements.

WHEREFORE, Plaintiffs, NIMA GHARAVI and RIGHT CALL OFFICIALS, INC., respectfully request the Court:

1) Enjoin Defendants MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski from disclosing or continuing to disclose Mr. Gharavi's personally identifiable information or sensitive personal information;

2) Enter judgment in their favor and against Defendants MatScouts, Mr. Saylor, Ms. Presley, Skramble, and Mr. Kolankowski in an amount to be determined at trial, but estimated to be well in excess of $75,000;

3) Award Plaintiffs attorneys' fees and statutory pre-judgment interest; and

4) Any other further relief it deems just and appropriate.

### JURY DEMAND

Plaintiffs demand a trial by jury on all non-equitable claims.

Respectfully Submitted,

**NIMA GHARAVI and RIGHT CALL OFFICIALS, INC.**

Dated:  March 8, 2024                    By:*/s/ Nicole O'Toole Peterson*
                                         Jeffrey S. Becker (ARDC #6282492)
                                         Nicole O'Toole Peterson (ARDC #6330227)
                                         Emily R.S. Mosnick (ARDC #6339422)
                                         SWANSON, MARTIN & BELL, LLP

330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
npeterson@smbtrials.com
emosnick@smbtrials.com

## **VERIFICATION**

The undersigned certifies under penalty of perjury under the laws of the United States of America, the Federal Rules of Civil Procedure and United States Code, that the foregoing factual statements set forth in this Verified Complaint are true and correct, except as to matters stated on information and belief, which the undersigned believes to be true.


Signature: ___*Nima Gharavi*_____

Nima Gharavi, individually and as a
representative of Right Call Officials, Inc.



Date:        ___March 5, 2024___

# Exhibit B

## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)
### Eastern Division

Nima Gharavi, et al.

                    Plaintiff,

v.                                     Case No.: 1:24−cv−01969
                                     Honorable Steven C. Seeger

Flosports, Inc., et al.

                    Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, November 6, 2024:

      MINUTE entry before the Honorable Steven C. Seeger: On October 17, 2024, this Court noted that Defendants Willie Saylor and Matscouts, LLC answered the original complaint, but not the amended complaint. (Dckt. No. [57]) This Court set a deadline of October 25, 2024 for a response. They filed nothing. The responses to the amended complaint are late. The motions for entry of default (Dckt. No. [60], [61]) are hereby granted. The Court hereby enters default under Rule 55(a) against Defendants Willie Saylor and Matscouts, LLC. The Court directs Plaintiffs to serve a copy of this order by U.S. Mail and file a certificate of service. Mailed notice. (jjr, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.

# Exhibit C

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois ▢▼

| | | |
|---|---|---|
| NIMA GHARAVI et al. | ) | |
| _____ | ) | |
| *Plaintiff* | ) | Civil Action No. 1:24-cv-1969 |
| v. | ) | |
| FloSports, Inc. et al. | ) | |
| | ) | |
| _____ | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:              Willie Saylor
                 willie@matscouts.com
_____
*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Swanson, Martin and Bell, LLP 330 North Wabash Ave, Suite 3300 Chicago, IL 60611 | Date and Time: 10/17/2025 11:59 pm |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/03/2025

CLERK OF COURT

                                                    OR

_____           /s/ Olivia Duggins
*Signature of Clerk or Deputy Clerk*           _____
                                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Nima Gharavi and Right Call Officials, Inc. _____ , who issues or requests this subpoena, are:
Olivia E. Duggins, 330 North Wabash Ave, Suite 3300, Chicago, IL 60611, oduggins@smbtrials.com, (312) 222-8534

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   1:24-cv-1969

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows:  via email _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   10/03/2025                               /Kira Matheson/
                                              _____
                                                   *Server's signature*

                                              Kira Matheson, Legal Assistant
                                              _____
                                                   *Printed name and title*


                                              _____
                                                   *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation, | |
| *Plaintiffs,* | |
| | Case No. 1:24-cv-1969 |
| v. | |
| | Steven C. Seeger, U.S.D.J. |
| FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25 | Beth W. Jantz, U.S.M.J. |
| *Defendants.* | |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT** pursuant to the Federal Rules of Civil Procedure, Plaintiffs Nima Gharavi and Right Call Officials, Inc., by and through their undersigned attorneys, intends to serve a subpoena, in the form attached hereto, upon Willie Saylor on Friday, October 3, 2025, or as soon as service may be effectuated. The subpoena requires Willie Saylor to produce all documents specified in Exhibit A to the subpoena within fourteen (14) days of receipt of service at the offices of Swanson, Martin & Bell, 330 N Wabash Ave Suite 3300, Chicago, IL 60611, Attention: Olivia E. Duggins, Esq.

Dated: October 3, 2025

Respectfully Submitted,

**PLAINTIFFS NIMA GHARAVI and
RIGHT CALL OFFICIALS, INC.**

By: */s/ Olivia E. Duggins*
Jeffrey S. Becker (ARDC #6282492)

Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
oduggins@smbtrials.com
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 3, 2025, I served the foregoing NOTICE OF SUBPOENA and copy of the accompanying subpoena via electronic mail on counsel of record and via U.S. Mail to all *pro se* defendants.

By:   */s/ Olivia E. Duggins*

Olivia E. Duggins

# ATTACHMENT A

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

## <u>DEFINITIONS</u>

1.      The uniform definitions, instructions, and rules of construction set forth in the Federal Rules of Civil Procedure are incorporated by reference as if fully set forth herein.

2.      "And" and "or" are to be read interchangeably so as to give the broadest possible meaning to a particular request in which either or both is used.

3.      The following definitions shall apply to the individual requests as well as the Definitions and Instructions herein.

4.      "Action" means Nima Gharavi and Right Calls Officials, Inc., v. FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak, Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25,  Case No. 1:24-cv-1969 currently pending in the United States District Court for the Northern District of Illinois Eastern Division.

5.      "Amended Complaint" means Plaintiffs' Amended Complaint in the Action, dated April 10, 2024 (Dkt. No. 20).

6.      "Communication" or "Communications" are used in the broadest possible sense and mean verbal, written, or electronic exchanges between two or more persons.

7.      "Document" or "Documents" are used in the broadest possible sense to mean or refer to anything which may be within the meaning of Federal Rule of Civil Procedure 34.

8.      "Defendants" means the defendants in this Action: FloSports, Inc., Christian Pyles, Jessica Presley, MatScouts LLC, Willie Saylor, Allyson Schwab, Patrick Mineo, Jon Kozak,

Skramble Wrestling Gear LLC, Stephen Kolankowski, and John Does 1-25. FloSports, Inc., MatScouts LLC, and Skramble Wrestling Gear LLC includes any current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on behalf of the entities.

9.      "Plaintiffs" means the plaintiffs in this action: Nima Gharavi and Right Calls Officials, Inc. Right Call Officials, Inc. includes any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

10.      "You" and "Your" means the individual addressed on this subpoena including any of its current or former predecessors, successors, assigns, parents, subsidiaries, managers, partners, directors, shareholders, employees, employers, officers, agents, principals, officials, representatives, associates, consultants, attorneys, advisors, accountants, and all persons and entities acting or purporting to act on its behalf.

11.      "John Does 1-25" means previously-unidentified defendants in this Action for which You may have information regarding the identities of.

12.      All other terms shall be defined by the common or dictionary meaning that would lead to the broadest and most comprehensive response, unless otherwise stated.

## INSTRUCTIONS

1.      Unless agreed to otherwise by the parties, electronically stored information is to be produced in single-page TIFF (Tagged Image File Format) format with available searchable text and reasonably accessible metadata. Spreadsheets, presentations, video/audio files, and any other file type that is not easily converted to an image, shall be provided in native format. Native file names should match the Bates entry for that specific record. Documents shall be produced with logical document breaks, as searchable, and with load field enabling review in common litigation databases such as Concordance and/or Relativity.

2.      Whenever necessary to bring within the scope of a request a response that might otherwise be construed to be outside its scope, the following constructions should be applied:

      a.      Construing the terms "and" and "or" in the disjunctive or conjunctive, as necessary, to make the request more inclusive;

      b.      Construing the singular form of any word to include the plural and the plural form to include the singular;

      c.      Construing the past tense of the verb to include the present tense and the present tense to include the past tense; and

      d.      Construing "include" to mean include or including "without limitation."

3.      These requests are continuing in character so as to require You to produce additional documents if You obtain further or different information at any time before trial.

4.      If you contend that you are entitled to withhold from production any documents requested herein on the basis of attorney/ client privilege, work-product protection, or other legally recognized grounds, identify the nature of the document(s), the date for same, the author, and the person to whom the document was addressed; identify each individual who has seen the document,

each individual who has received a copy of the document and from whom the document was received; and state the basis upon which you contend you are entitled to withhold the document from production. Accordingly, please provide a formal written privilege log of all claimed privileged documents and information.

## DOCUMENT REQUESTS

1. All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about videos belonging to the "Midwest Wrestle" YouTube channel.

2. All Documents and Communications in Your possession including but not limited to those electronically stored that concern, reference, discuss, mention, or contain information about Nima Gharavi.

3. All Documents and Communications between You and any third parties, including but not limited to any member of any school staff, any wrestling coaches or officials, any member of the media or wrestling authority and/or wrestling leadership, in any manner regarding Nima Gharavi or Midwest Wrestle.

4. All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of your social media accounts that concern, reference or discuss Nima Gharavi or Midwest Wrestle, in any manner, whether directly or indirectly.

5. All posts, comments, photographs, videos, or other content published, shared, liked or commented on by any of your accounts on bulletin boards, message boards, forums, etc. that concern, reference or discuss Nima Gharavi or Midwest Wrestle, in any manner, whether directly or indirectly.

# Exhibit D

From: Emma K. Leonard
Sent: Wednesday, October 22, 2025 3:14 PM
To: willie@matscouts.com <willie@matscouts.com>
Subject: Follow-Up on Subpoena – Gharavi et al. v. FloSports, Inc. et al.

Good Afternoon,
I'm writing to follow up on the subpoena we issued in Nima Gharavi et al. v. FloSports, Inc. et al., which was issued on October 3rd and is attached here. As of today, we have not received any documents or objections.
Could you please confirm whether a response is forthcoming, or if there were any issues with service or production? If materials have already been sent, we'd appreciate knowing the date and method of transmission so we can verify receipt. If not, we'd be grateful for an estimated timeline. Should you have any objections or concerns regarding the scope of the subpoena, please share those in writing at your earliest convenience.
Feel free to contact me directly at (312) 923-8265 or via email at eleonard@smbtrials.com with any questions or to discuss further.
Thank you for your attention to this matter. I look forward to your response.

# Exhibit E

From: Willie Saylor <willie@matscouts.com>
Sent: Monday, November 3, 2025 5:15 PM
To: Olivia E. Duggins <oduggins@smbtrials.com>
Cc: Kira Matheson <kmatheson@smbtrials.com>; Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>
Subject: Re: Follow-Up on Subpoena – Gharavi et al. v. FloSports, Inc. et al.

> Caution: External email.

i don't have any communications discussing this case. i'm not sure what i'm supposed to do.

On Mon, Nov 3, 2025 at 5:31 PM Olivia E. Duggins <oduggins@smbtrials.com> wrote:
Mr. Saylor,

I am following up on the subpoena that was issued on October 3rd. As of today, we have not received any documents or objections. Please provide a response by November 10, 2025, or we will be forced to file a motion to compel.

**Olivia E. Duggins**
Associate
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave., Suite 3400
Chicago, Illinois 60611
Dir: (312) 222-8534
Fax: (312) 321-0990
E-mail: oduggins@smbtrials.com
Website: www.smbtrials.com

## Swanson, Martin & Bell, LLP

Chicago – St. Louis – Lisle – Libertyville – Madison County

This message contains confidential information and is intended only for the individual(s) named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure as information can be intercepted, lost, arrive late or incomplete. The sender therefore does not recommend total dependence on e-mail for secure and timely communication.

 Please consider the environment before printing this e-mail



# Exhibit F



**MatScouts** ✔
@MatScouts1

👑 🎀 🤼

Joined October 2010 · 49.6K Followers

 Followed by ICWOA, Coach Beres Buffalo Grove H.S. Wrestling, and 176 others you follow

> Hi Willie, Thanks for everything that you do for the sport. I know helping to rescue the Midlands is only just the most recent example of an endless list.
>
> Reaching out because I saw that the press release directed media inquiries to you. I had a media pass all squared away via Northwestern for the original Midlands, so now just looking to understand how to obtain one for the Matmen Open.
>
> Thanks again, and Merry Christmas.

Dec 24, 2021, 7:17 PM

that will go through me as well. can you please email me so i have it documented that way. thanks nima

Dec 24, 2021, 7:21 PM

> Absolutely. Thank you, sir

Dec 24, 2021, 7:21 PM

> Hey there, I know you've got a million things on your plate, so I apologize for being a pest... just checking back on this since we're 48 hours away. Thanks!

Dec 27, 2021, 11:24 AM

can you email me - willie@matscouts.com

Dec 27, 2021, 11:41 AM

> Oh, did my email on Friday not make it through?

Dec 27, 2021, 11:42 AM

it's possible i missed it. can you resend

Dec 27, 2021, 11:43 AM

> Yes sir

Dec 27, 2021, 11:43 AM

> Sent. Thanks

Dec 27, 2021, 11:44 AM

why are all your wrestling videos on porn sites?

May 24, 2023, 3:49 PM

> youtube.com
> **Midwest Wrestle**

> The amount of time I spend filing DMCA reports often makes me want to quit. It's like a many-headed hydra... every account I get shut down, two new ones sprout up in their place. And getting one shut down takes months. And that's only when they accept my reports, I often get rejected on B.S. grounds. And that's only when they actually respond, plenty of platforms completely ignore me. This platform we're on now is the absolute worst, I have completely given up on trying to get Twitter to take anything down, they just ignore me.
>
> About a year ago I tried to scare people off but they don't care:
> youtube.com/post/Ugkxe sTi...

Start a new message

Dec 27, 2021, 11:43 AM

Yes sir

Dec 27, 2021, 11:43 AM

Sent. Thanks

Dec 27, 2021, 11:44 AM

why are all your wrestling videos on porn sites?

May 24, 2023, 3:49 PM

youtube.com
Midwest Wrestle

The amount of time I spend filing DMCA reports often makes me want to quit. It's like a many-headed hydra... every account I get shut down, two new ones sprout up in their place. And getting one shut down takes months. And that's only when they accept my reports, I often get rejected on B.S. grounds. And that's only when they actually respond, plenty of platforms completely ignore me. This platform we're on now is the absolute worst, I have completely given up on trying to get Twitter to take anything down, they just ignore me.

About a year ago I tried to scare people off but they don't care: youtube.com/post/Ugkxe_sTi...

One guy is never going to be able to keep up with the Internet. I would need a team of people full time to have any chance of staying on top of all of it. It's depressing.

May 24, 2023, 3:59 PM

For now, that team consist of good samaritans such as yourself who occasionally bring to my attention content I didn't find on my own. I mostly monitor YouTube, TikTok, Instagram and Facebook, but you said porn sites, so I definitely need your help with links to whatever you've found so I can try and get it taken down. Thank you.

May 24, 2023, 4:14 PM

i'm going to be honest - i don't believe you. i think you're systematically putting them on porn sites. on what planet does a wrestling video between 2 no name high schoolers get 400k views

i think you know exactly what you're doing

May 24, 2023, 5:36 PM

That is fucked up, Willie. I work my ass off for this community. And not just through the countless stories I've been told by wrestlers who get recruited through my content, but also through the full-time officiating schedule I take on every year. Unlike you, I work a full-time job on top of everything else I do for the wrestling community, so not only do I not have the time to do the fucked up shit you just accused me of, I also don't have the time to debate this with you. Maybe if you spent less time surfing porn sites that apparently cater to high school content, you would have more free time to officiate as well. Now go away and don't come back until you apologize.

May 24, 2023, 6:53 PM

lmfao

stop playing dum

why do you think your vids have so many views

anyway, i'm not gonna play games w/ you. i will be reporting you though. as several people already have

May 24, 2023, 8:47 PM

   Start a new message

Exhibit G



Exhibit H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION**

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALL OFFICIALS, INC., an Illinois corporation, | |
| Plaintiffs, | |
| v. | Case No. 1:24-cv-1969 |
| JESSICA PRESLEY, MATSCOUTS, LLC, WILLIE SAYLOR, PATRICK MINEO, STEPHEN KOLANKOWSKI, JOSEPH CORSINI, IAN JAGGER, JOHN DAVIDSON, and JOHN DOES 4-25. | **Judge:** Honorable Steven C. Seeger **Magistrate Judge:** Honorable Beth W. Jantz |
| Defendants. | |

<u>**NOTICE OF DEPOSITION**</u>

TO:
 Willie Saylor
 willie@matscouts.com


     **PLEASE TAKE NOTICE** that pursuant to the Federal Rules of Civil Procedure, we

will take the oral deposition **<u>via Zoom</u>** of the following party for the purposes of discovery on

the date and time listed below:


| <u>**DEPONENT**</u> | <u>**DATE**</u> | <u>**TIME**</u> |
|---|---|---|
| Willie Saylor | January 13, 2026 | 9:00 AM CST |

Details regarding Zoom access are forthcoming.

                 Respectfully submitted,

                 SWANSON, MARTIN & BELL, LLP

By:

Jeffrey S. Becker (jbecker@smbtrials.com)
Nicole E. O'Toole (notoole@smbtrials.com)
Olivia E. Duggins (oduggins@smbtrials.com)
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash, Suite 3300
Chicago, Illinois 60611
Office: (312) 321-9100
Fax: (312) 321-0990
Firm ID #29558

## <u>CERTIFICATE OF SERVICE</u>

Under penalties of perjury as provided by law pursuant to 735 ILCS 5/1-109, the undersigned certifies pursuant to the provisions of Section 1-109 of the Code of Civil Procedure, that a copy of the attached to the parties listed above *via electronic mail* on December 18, 2025.


*/s/ Kira Matheson*

# Exhibit I

From: Kira Matheson <kmatheson@smbtrials.com>
Sent: Thursday, December 18, 2025 3:59 PM
To: Willie Saylor <willie@matscouts.com>
Cc: Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>
Subject: Notice of Deposition (Gharavi v. FloSports 1:24-cv-1969)

Good afternoon Mr. Saylor,

Please find the attached Notice of Deposition. The date on the notice is arbitrary. Please advise of dates that would work best for you.

Sincerely,

Kira Matheson
Legal Assistant
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-3518 (direct)
(312) 321-0990 (facsimile)
website:  www.smbtrials.com
🌱 Go Green: Please do not print this e-mail unless absolutely necessary.
Privileged & confidential communication, intended only for the named recipient(s).
If you receive this message by mistake, please notify me immediately and delete it.
Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.

Exhibit J

From: Kira Matheson <kmatheson@smbtrials.com>
Sent: Tuesday, December 30, 2025 12:43 PM
To: Willie Saylor <willie@matscouts.com>
Cc: Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Olivia E.
Duggins <oduggins@smbtrials.com>
Subject: RE: Notice of Deposition (Gharavi v. FloSports 1:24-cv-1969)

Good afternoon Mr. Saylor,

I am kindly following up on scheduling your deposition in the Gharavi v. Flosports matter (1:24-
cv-1969). As discovery closes in 30 days, we would appreciate your assistance in choosing a
date that works best for you. Please advise of your availability for the month of January.

Sincerely,
Kira Matheson
Legal Assistant
Swanson, Martin & Bell, LLP
330 N. Wabash, Suite 3300
Chicago, Illinois 60611
(312) 321-9100 (general)
(312) 321-3518 (direct)
(312) 321-0990 (facsimile)
website: www.smbtrials.com
🌱 Go Green: Please do not print this e-mail unless absolutely necessary.
Privileged & confidential communication, intended only for the named recipient(s).
If you receive this message by mistake, please notify me immediately and delete it.
Do not save, copy or forward it. No waiver of privilege or confidentiality should be inferred from error in sending.

Exhibit K

From: Nicole O'Toole Peterson <notoole@smbtrials.com>
Sent: Monday, January 5, 2026 7:33 PM
To: Kira Matheson <kmatheson@smbtrials.com>; Willie Saylor <willie@matscouts.com>
Cc: Jeff Becker <jbecker@smbtrials.com>; Olivia E. Duggins <oduggins@smbtrials.com>
Subject: Re: Notice of Deposition (Gharavi v. FloSports 1:24-cv-1969)

Mr. Saylor,

Our deadline set by the court to take your deposition is Friday, January 30, 2026. If we do not hear back from you about your availability we will be forced to file a motion to compel your deposition. Please let us know your availability for your deposition as soon as possible.

Sincerely,

Nicole O'Toole Peterson
Swanson, Martin & Bell, LLP
330 N. Wabash Ave, Suite 3300
Chicago, Illinois 60611
Direct: 312-766-0060
Email | Bio

# Exhibit L

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Northern District of Illinois ▾

| | |
|---|---|
| Nima Gharavi | ) |
| *Plaintiff* | ) |
| v. | ) |
| FloSports, Inc. et al. | ) |
| | ) |
| *Defendant* | ) |

Civil Action No.   1:24-cv-1969

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:            Willie Saylor c/o InterMat Wrestle
               2989 Old Nazareth Road, Easton, PA 18045

*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Zoom (link to be provided at a later date) | Date and Time: |
|---|---|
| | 01/20/2026 9:30 am |

The deposition will be recorded by this method:   Zoom

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     01/06/2026

|          CLERK OF COURT          | |
|---|---|
| | OR |
| _____ | /s/ Nicole O'Toole Peterson |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Plaintiffs
Nima Gharavi and Right Call Officials, Inc.                                      , who issues or requests this subpoena, are:
Nicole O'Toole Peterson, 330 North Wabash Ave, Suite 3300, Chicago, IL 60611, notoole@smbtrials.com, (312) 766-0060

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-cv-1969

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☑ I served the subpoena by delivering a copy to the named individual as follows: Via Certified Mail

# 9589 0710 5270 3412 9105 06

on *(date)* 01/06/2026 ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 01/06/2026

*Server's signature*

Kira Matheson, Legal Assistant
*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| NIMA GHARAVI, an individual, and RIGHT CALLS OFFICIALS, INC., an Illinois corporation,<br><br>*Plaintiffs,*<br><br>v.<br><br>FLOSPORTS, INC., a Texas corporation, CHRISTIAN PYLES, an individual, JESSICA PRESLEY, an individual, MATSCOUTS, LLC, a Pennsylvania corporation, WILLIE SAYLOR, an individual, ALLYSON SCHWAB, an individual, PATRICK MINEO, an individual, JON KOZAK, an individual, SKRAMBLE WRESTLING GEAR LLC, a New Jersey limited liability company, STPEHEN KOLANKOWSKI, an individual, and JOHN DOES 1-25<br><br>*Defendants.* | Case No. 1:24-cv-1969<br><br>Steven C. Seeger, U.S.D.J.<br><br>Beth W. Jantz, U.S.M.J. |

## NOTICE OF SUBPOENA

**PLEASE TAKE NOTICE THAT** pursuant to the Federal Rules of Civil Procedure, Plaintiffs Nima Gharavi and Right Call Officials, Inc., by and through their undersigned attorneys, intends to serve a subpoena, in the form attached hereto, upon Willie Saylor on Tuesday, January 6, 2026, or as soon as service may be effectuated. The subpoena requires Willie Saylor to testify through deposition on January 20, 2026, at 9:30 AM CT on Zoom. Zoom meeting information will be forthcoming.

Attention: Nicole O'Toole Peterson

Dated: January 6, 2026

Respectfully Submitted,

**PLAINTIFFS NIMA GHARAVI and**

**RIGHT CALL OFFICIALS, INC.**

By: */s/ Nicole O'Toole Peterson*
Jeffrey S. Becker (ARDC #6282492)

Nicole O. Peterson(ARDC #6330227)
Olivia E. Duggins (ARDC #6349003)
SWANSON, MARTIN & BELL, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Phone: (312) 321-9100
jbecker@smbtrials.com
notoole@smbtrials.com
oduggins@smbtrials.com
*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2025, I served the foregoing **NOTICE OF SUBPOENA** and copy of the accompanying subpoena via electronic mail on counsel of record and *pro se* defendants.

Adam Kingsley
Kingsley Law Group
150 N Michigan Ave, 8th floor
Chicago, IL 60601
adam@kingsleylawgroup.com
Counsel for Defendant, Joseph Corsini

Philip Piscopo
Storm & Piscopo, P.C.
2000 S Batavia Ave,
Geneva, IL 60134
pjp@stormpiscopo.law
Counsel for Defendant, John Davidson

Patrick Mineo
Pro se
patrickmineo22@gmail.com

By:    */s/ Nicole O'Toole Peterson*

<u>Nicole O'Toole Peterson</u>

# Exhibit M

# Transaction Record



| TRACKING NO.: | SHIP DATE: | ESTIMATED SHIPPING CHARGES: |
|---|---|---|
| 887840670610 | Jan 12, 2026 | 42.05 USD |

## From address

**Olivia E. Duggins/Laura Munoz**
Swanson Martin & Bell
330 N. Wabash Ave
Ste. 3300
60611 IL Chicago
US
Phone: 3123219100

## To address

**Willie Saylor**
1895 W. Tea Olive Lane, Apt 107
83815 ID COEUR D ALENE
US
Phone: 3123218441

## Package information

| Pieces | Weight | Dimensions (LxWxH) | Carriage value | Package options |
|---|---|---|---|---|
| 1 x | 1.00 lb | | | n/a |

| Packaging type: | Service: | Pickup / drop-off type: |
|---|---|---|
| FedEx Envelope | FedEx Priority Overnight | I'll drop off my shipment at a FedEx location |

## Billing information

| | | | |
|---|---|---|---|
| Bill transportation cost to: | ******017 | P.O. No.: | |
| Bill duties, taxes and fees to: | | Invoice No.: | |
| Your reference: | 07946.0002 | Department No.: | |

**Please note:** This transaction record is neither a statement nor an invoice, and does not confirm shipment tendered to FedEx or payment. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1000, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details. The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.

February 08, 2026

Dear Customer,

The following is the proof-of-delivery for tracking number: 887840670610

---

**Delivery Information:**

| | | | |
|---|---|---|---|
| **Status:** | Delivered | **Delivered To:** | Residence |
| **Signed for by:** | Signature not required | **Delivery Location:** | |
| **Service type:** | FedEx Priority Overnight | | |
| **Special Handling:** | Deliver Weekday; Residential Delivery | | COEUR D ALENE, ID, |
| | | **Delivery date:** | Jan 13, 2026 11:19 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| **Tracking number:** | 887840670610 | **Ship Date:** | Jan 12, 2026 |
| | | **Weight:** | 0.5 LB/0.23 KG |

**Recipient:**

COEUR D ALENE, ID, US,

**Shipper:**

Chicago, IL, US,

**Reference**            07946.0002

Proof-of-delivery details appear below; however, no signature is available for this FedEx Express shipment because a signature was not required.

Thank you for choosing FedEx

Exhibit N

From: Olivia E. Duggins <oduggins@smbtrials.com>
Sent: Thursday, January 15, 2026 8:27 AM
To: Willie Saylor <willie@matscouts.com>
Cc: Jeff Becker <jbecker@smbtrials.com>; Nicole O'Toole Peterson <notoole@smbtrials.com>; Kira Matheson <kmatheson@smbtrials.com>
Subject: Re: Notice of Deposition (Gharavi v. FloSports 1:24-cv-1969)

Good morning Mr. Saylor,

Over the past month, we have reached out multiple times to schedule your deposition. Additionally, a subpoena requiring your testimony was sent via mail and, according to our records, delivered on January 13, 2026.

Please respond immediately to schedule a date for your deposition. If we do not hear from you by the close of business today, we will proceed with filing a motion to compel with the court.

Please note that this is our final attempt to schedule your deposition without seeking the court's intervention.

Thank you.

**Olivia E. Duggins**
Associate
SWANSON, MARTIN & BELL, LLP
330 North Wabash Ave., Suite 3400
Chicago, Illinois 60611
Dir: (312) 222-8534
Fax: (312) 321-0990
E-mail: oduggins@smbtrials.com
Website: www.smbtrials.com

# Swanson, Martin & Bell, LLP

Chicago – St. Louis – Lisle – Libertyville – Madison County

This message contains confidential information and is intended only for the individual(s) named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail. Please notify the sender immediately by e-mail if you have received this e-mail by mistake and delete this e-mail from your system. E-mail transmission cannot be guaranteed to be secure as information can be intercepted, lost, arrive late or incomplete. The sender therefore does not recommend total dependence on e-mail for secure and timely communication.

🌲 Please consider the environment before printing this e-mail

Exhibit O

**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.5)**
**Eastern Division**

Nima Gharavi, et al.

                    Plaintiff,

v.                                                Case No.: 1:24−cv−01969
                                                  Honorable Steven C. Seeger

Jessica Presley, et al.

                    Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Monday, January 26, 2026:

      MINUTE entry before the Honorable Beth W. Jantz: Plaintiff's Motion to Compel
Compliance with Plaintiff's Third−Party Subpoena to Jason Bryant (Dkt. [157]) is
DENIED without prejudice. The subpoena is directed to Bryant in New Brighton,
Minnesota, but it purports to require the production of documents to Plaintiff's counsel's
office in Chicago, which is outside of the 100−mile limit imposed by Federal Rule of
Civil Procedure 45(c)(2)(A). Furthermore, subpoenas served out of District generally need
to be enforced in the District where served. FRCP 45(d). Plaintiff's Motion to Compel
Compliance with Plaintiffs' Third−Party Subpoenas to Willie Saylor (Dkt. [158]) is
DENIED IN PART without prejudice. The first (documents) subpoena is directed to
Saylor, who apparently lived in Coeur d'Alene, Idaho as of 2024, see Dkt. 64, but it
purports to require him to produce documents to Plaintiff's counsel's office in Chicago,
which is more than 100 miles from Coeur d'Alene. See Fed. R. Civ. P. 45(c)(2)(A). The
motion is thus denied for the same reasons as above. The second subpoena to Saylor seeks
his deposition. At the January 28, 2026 status hearing, Plaintiff must be prepared to
address where Saylor has been served. At a minimum, this Court is likely to require
personal service on Mr. Saylor (as opposed to just mail or certified mail) in advance of the
1/31/26 fact discovery deadline, if the Plaintiff seeks to compel his deposition by a rule to
show cause or otherwise. Mailed notice (jxm, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of
Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was
generated by CM/ECF, the automated docketing system used to maintain the civil and
criminal dockets of this District. If a minute order or other document is enclosed, please
refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our
web site at *www.ilnd.uscourts.gov*.

# Exhibit P

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 1:24-cv-1969

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*   Willie Saylor

on *(date)*   1-28-26   .

☑ I served the subpoena by delivering a copy to the named individual as follows:   Maryanne Sigman
(mother) 2989 Old Nazareth Rd., Easton, PA 18045   Substitute Service at Abode   The Mother
did confirm he lived at this address, when asked on *(date)*   1-28-26   ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$

My fees are $   125.00   for travel and $   for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:   1-29-26

*Roger Rohrbach*

*Server's signature*

Roger Rohrbach    Process Server

*Printed name and title*

7206 Whispering Ln.
Slatington, PA 18080

*Server's address*

Additional information regarding attempted service, etc.:

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| NIMA GHARAVI,<br><br>    Petitioner,<br><br>v.<br><br>WILLIE SAYLOR,<br><br>    Respondent. | MISCELLANEOUS ACTION<br><br><br><br>Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |

## <u>LOCAL RULE 26.1 CERTIFICATION</u>

I hereby certify that counsel for Petitioner has in good faith attempted to confer with Willie Saylor, the person failing to make disclosure or discovery, in an effort to obtain it without court action. Despite repeated attempts to secure Saylor's compliance through informal correspondence—including emails dated October 22, 2025, November 3, 2025, December 18, 2025, December 30, 2025, January 5, 2026, and January 15, 2026—Saylor has remained almost entirely non-responsive, and after reasonable effort the parties are unable to resolve the dispute.

Dated: February 8, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*