**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI, | : | |
| Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| | : | |
| v. | : | |
| | : | Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |
| WILLIE SAYLOR, | : | |
| Respondent. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO REASSIGN
CASE PURSUANT TO LOCAL CIVIL RULE 40.1**

**BACKGROUND**

On March 8, 2024, Petitioner filed a complaint in the United States District Court for the Northern District of Illinois asserting claims for defamation, invasion of privacy, doxing, and related torts arising from a coordinated online defamation campaign. *Gharavi v. Presley et al.*, No. 1:24-cv-1969 (N.D. Ill.). The complaint named multiple defendants, including both Willie Saylor and FloSports Inc. Saylor defaulted in that action on November 6, 2024. FloSports was dismissed for lack of personal jurisdiction on March 14, 2025.

On December 5, 2025, Petitioner refiled his claims against FloSports in the United States District Court for the District of Delaware, where FloSports is incorporated. *Gharavi v. FloSports Inc.*, No. 1:25-cv-01472 (D. Del.) ("FloSports case"). The FloSports case arises from the same underlying defamation campaign and asserts the same substantive claims.

On October 3, 2025, Petitioner's counsel served a Rule 45 subpoena for documents on Saylor. On January 6, 2026, Petitioner's counsel issued a subpoena for deposition to Saylor. Saylor did not comply with either subpoena. After Saylor was personally served in Pennsylvania, Petitioner filed the present miscellaneous proceeding to compel compliance on February 10, 2026.

On April 8, 2026, the Chief Judge of the United States Court of Appeals for the Third Circuit designated the Honorable Mark A. Kearney of the Eastern District of Pennsylvania to handle the FloSports case "for such a period as is necessary for the disposition of the above-entitled matter **and all related cases**." Designation Order, *Gharavi v. FloSports Inc.*, No. 1:25-cv-01472-MAK, ECF No. 20 (D. Del. Apr. 8, 2026) (emphasis added) (attached as Exhibit A).

## ARGUMENT

### I. This Case Is Related to the FloSports Case Under Local Civil Rule 40.1

Local Civil Rule 40.1 defines related cases as those that "involve a transaction or occurrence which was the subject of an earlier numbered suit." L. Civ. R. 40.1(IV)(a)(ii). The central events of the cases must have a core of similarity. *Moore v. Rite Aid Hdqtrs Corp.*, No. 13-1515, 2013 WL 4833854, at *2 (E.D. Pa. Sept. 11, 2013). Both this subpoena enforcement proceeding and the FloSports case arise from the same coordinated defamation campaign that began in late 2023. The same false and defamatory statements form the factual basis for both proceedings.

Moreover, Saylor and FloSports are not merely co-defendants in parallel litigation—the evidence demonstrates active coordination between them. In a public post on X (formerly Twitter), Saylor explicitly stated that he contacted FloSports for legal representation in connection with Petitioner's claims. Ex. G, Decl. of Nima Gharavi, ECF No. 5 at 64. This statement directly supports concert of action theories in both cases and demonstrates the interrelationship between Saylor's conduct and FloSports' involvement in the defamation campaign.

The discovery sought from Saylor is directly relevant to concert of action theories in both cases. Saylor's communications with FloSports and other participants in the campaign bear on questions of coordination, republication, and joint liability that are central to both proceedings.

The same evidence supports the same legal theories against overlapping parties arising from the same course of conduct.

Under these circumstances, the cases plainly "involve a transaction or occurrence which was the subject of an earlier numbered suit." L. Civ. R. 40.1(IV)(a)(ii). The case assigned to Judge Kearney was filed December 5, 2025; this case was filed February 10, 2026. Under Local Civil Rule 40.1(V)(b), reassignment of this later case to Judge Kearney is appropriate.

## II. The Designation Order Directs Related Cases to Judge Kearney

The April 8, 2026 designation order issued by Chief Judge Chagares is unambiguous: Judge Kearney is designated to handle the FloSports case "and all related cases." (Ex. A).

This case—a subpoena enforcement proceeding arising from the same defamation campaign at issue in the FloSports case—falls squarely within the scope of "all related cases" contemplated by the designation order. Reassignment to Judge Kearney gives effect to Chief Judge Chagares's directive and ensures that related proceedings are handled by a single judge with comprehensive knowledge of the underlying facts and legal issues.

## III. Reassignment to Judge Kearney Serves Judicial Efficiency and Fairness

Reassignment of this case to Judge Kearney promotes judicial efficiency in multiple respects. First, Judge Kearney will be presiding over the FloSports case and will necessarily become familiar with the underlying defamation campaign, the roles of various participants, and the legal theories Petitioner is pursuing. Having the same judge preside over this related subpoena enforcement avoids requiring a second judge to develop that same factual understanding.

Second, the discovery sought from Saylor is directly relevant to the FloSports case. Coordinated handling of discovery issues ensures consistent application of legal standards and avoids the risk of inconsistent rulings.

Third, both proceedings involve questions about the relationship between Saylor and FloSports and the extent of their coordination in the defamation campaign. Coordinated judicial oversight of both proceedings will promote informed and consistent rulings on these interrelated issues.

Reassignment to Judge Kearney creates no prejudice to Saylor. The case remains in the Eastern District of Pennsylvania, subject to the same procedural rules and substantive law. The only change is in judicial assignment—a change that serves the interests of all parties by ensuring informed and consistent handling of related matters.

## CONCLUSION

This subpoena enforcement proceeding and the FloSports case arise from the same underlying defamation campaign, involve overlapping parties and witnesses, and raise interrelated legal and factual issues. The cases are related under Local Civil Rule 40.1. The Chief Judge of the Third Circuit has designated Judge Kearney to handle the FloSports case "and all related cases." Designation Order, No. 1:25-cv-01472-MAK, ECF No. 20. Reassignment of this case to Judge Kearney is appropriate under the Local Rules, gives effect to the designation order, and serves the interests of judicial efficiency and fairness.

For these reasons, Petitioner respectfully requests that the Court reassign this case to the Honorable Mark A. Kearney.

Respectfully submitted,

Dated: April 10, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
dmca@midwestwrestle.com

*Petitioner*

4