## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NIMA GHARAVI, | : | |
| Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| | : | |
| v. | : | |
| | : | Underlying action: *Gharavi et al. v.* |
| | : | *Presley et al.*, No. 24-CV-1969, |
| WILLIE SAYLOR, | : | (N.D. Ill.) |
| Respondent. | : | |

### ORDER

   **AND NOW**, this  22nd day of April, 2026, upon consideration of Petitioner's Motion for Permission for Electronic Filing (ECF No. 2), **IT IS HEREBY ORDERED** that the Motion (ECF No. 2) is **GRANTED**.[1] Petitioner is authorized to file electronically in this matter.[2]

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge

---

[1] Petitioner represents that he has been granted filing privileges in one federal circuit and several federal district courts and has demonstrated both the technical ability and regular access necessary to file electronically. Under Local Civil Rule 5.1.2(4), the Court may permit a pro se litigant to use CM/ECF upon such a showing, and because Petitioner has established proficiency with electronic filing and granting access will not burden the docket in this matter, the Court will exercise its discretion to allow Petitioner to file electronically in this case.

[2] Petitioner brought this action pro se to enforce a subpoena his counsel unsuccessfully sought to enforce in the underlying action in the Northern District of Illinois. *See Gharavi et al v. Presley et al.*, No. 24-cv-1969 (N.D. Ill.). The Court finds too cute by half counsel's contention that they "authorized" Petitioner to bring this action pro se because hybrid representation is not specifically prohibited by our local rules.

"[A] party in a lawsuit does not have the right to proceed through 'hybrid representation,' —in which the party files motions and briefs both through his counsel and pro se. *United States v. Turner*, 677 F.3d 570, 578 (3d Cir. 2012). Nevertheless, while hybrid representation in federal court is generally disfavored, the decision of whether to allow hybrid representation in a particular case is left to the sound discretion of the district court. *See, e.g.*, *United States v. Parkin*, 319 F. App'x 101, 105 (3d Cir. 2009); *United States v. McKnight*, No. 10-CV-00121, 2012 WL 12871825, at *1 (E.D. Pa. Nov. 26, 2012).

Counsel's direction of this pro se filing was dismissive of this Court's discretion. Counsel is cautioned, in federal court, it is rarely better to seek forgiveness than permission.