**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI, | : | |
| Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| | : | |
| v. | : | |
| | : | Underlying action: *Gharavi et al. v.* |
| WILLIE SAYLOR, | : | *Presley et al.*, No. 24-CV-1969, |
| Respondent. | : | (N.D. Ill.) |

**MEMORANDUM OF LAW IN SUPPORT OF
PETITIONER'S MOTION FOR CIVIL CONTEMPT AND ORDER TO SHOW CAUSE
<u>WHY A WRIT OF BODY ATTACHMENT SHOULD NOT ISSUE</u>**

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................... 1

III.  LEGAL STANDARD ....................................................................................................... 3

IV.   ARGUMENT .................................................................................................................... 4

    A. Civil Contempt Is Established. ..................................................................................... 4

        1.  Valid Court Orders Exist. ...................................................................................... 4

        2.  Saylor Had Actual Knowledge of the Court's Order. ............................................ 4

        3.  Saylor Disobeyed the Court's Order. ..................................................................... 5

    B. The Court Should Issue an Order to Show Cause and, Upon Respondent's Failure to Appear, a Writ of Body Attachment. ................................................................................ 6

        1.  Order to Show Cause. ............................................................................................. 6

        2.  Writ of Body Attachment. ...................................................................................... 6

    C. Petitioner Is Entitled to Costs. ...................................................................................... 9

V.    CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Artwide Int'l H.K. Ltd. v. Foster*, No. CV 22-6417 (CPO/EAP), 2025 WL 2027638 (D.N.J. July 21, 2025), report and recommendation adopted, No. CV 22-6417 (CPO/EAP), 2025 WL 2244719 (D.N.J. Aug. 6, 2025)...................................................................................... 6, 8

*Gharavi et al. v. Presley et al.*,
No. 1:24-cv-1969 (N.D. Ill.) ........................................................................ 1, 2, 7

*Harris v. City of Philadelphia*,
47 F.3d 1311 (3d Cir. 1995)............................................................................ 4, 6

*Highland Tank & Mfg. Co. v. PS International, Inc.*,
227 F.R.D. 374 (W.D. Pa. 2005) ........................................................................ 4

*John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*,
318 F.3d 545 (3d Cir. 2003)............................................................................... 3

*Jones v. Thomas Jefferson University Hospitals, Inc.*,
No. 13-4316, 2015 WL 1255997 (E.D. Pa. Mar. 19, 2015) ................................ 4

*Mains v. Sherwin-Williams Co.*,
No. 5:20-CV-00112-JMG, 2022 WL 1443391 (E.D. Pa. May 6, 2022) ............. 3

*MetroPCS v. Thomas*,
327 F.R.D. 600 (N.D. Tex. 2018) ....................................................................... 6

*Ninaltowski v. Moore*,
No. 2:20-CV-01808-JMG, 2021 WL 3051932 (E.D. Pa. July 20, 2021) ........... 1, 6, 8

*Robin Woods Inc. v. Woods*,
28 F.3d 396 (3d Cir. 1994)............................................................................... 6, 9

*Robin Woods, Inc. v. Woods*,
815 F. Supp. 856 (W.D. Pa. 1992)...................................................................... 9

*Sec'y of Labor v. Altor Inc.*,
783 F. App'x 168 (3d Cir. 2019) .................................................................... 3, 4

*Tracfone Wireless, Inc. v. LaMarsh*,
307 F.R.D. 173 (W.D. Pa. 2015) ..................................................................... 5, 8

*United States v. Rylander*,
460 U.S. 752 (1983)........................................................................................... 4

*Way v. Arete Automobili Corp.*,
No. CV 20-13646, 2022 WL 17730892 (D.N.J. Oct. 24, 2022)..................................... 5, 8

**Rules**

Fed. R. Civ. P. 45 ........................................................................................................... 4

## I. INTRODUCTION

"Nonparties that have been served with a subpoena have three acceptable options: comply, formally object, or move to quash. Not an option is ignoring the subpoena entirely." *Ninaltowski v. Moore*, No. 2:20-CV-01808-JMG, 2021 WL 3051932, at \*1 (E.D. Pa. July 20, 2021).

Respondent Willie Saylor ("Saylor") has done none of the three. He did not comply with the subpoena for documents (the "Document Subpoena"), first served in October 2025, or the subpoena for his deposition (the "Deposition Subpoena"), first served in January 2026. He served no objections. He moved to quash nothing. He ignored enforcement proceedings in the Northern District of Illinois, ignored this proceeding, and ignored the Court's April 22, 2026 Order (ECF No. 10) ("Compliance Order") directing his compliance—even as service of that Order escalated from email, to UPS Ground with Adult Signature Required delivery accepted at his residence by a recipient identifying as "willie," to substitute service of this very motion at his door, where his mother confirmed he lives there and is simply out of town on business.

Petitioner Nima Gharavi ("Petitioner") respectfully requests that the Court: (1) find Saylor in civil contempt; (2) issue an Order to Show Cause requiring Saylor's in-person appearance; and (3) upon Saylor's failure to appear, issue a Writ of Body Attachment directing the United States Marshals Service to execute the same upon Saylor and produce him before the Court, where he shall remain subject to the Court's authority until he purges his contempt.

## II. BACKGROUND

Petitioner is the plaintiff in *Gharavi et al. v. Presley et al.*, No. 1:24-cv-1969 (N.D. Ill.), a civil action for defamation and doxing pending before the Honorable Steven C. Seeger in the Northern District of Illinois. Saylor is a named defendant, along with his company MatScouts,

1

LLC. Served with the summons and complaint on March 19, 2024, Saylor filed a one-sentence document as the totality of his "Answer" to the original complaint: "Pleads: Not Guilty." When the amended complaint was filed, he filed nothing. The Clerk of Court entered default against Saylor and MatScouts, LLC on November 6, 2024. *Gharavi et al. v. Presley et al.*, No. 24-CV-1969 (N.D. Ill.), ECF No. 62. That default stands today, more than a year and a half later.

Before seeking court intervention, Petitioner's counsel spent more than three months attempting to obtain Saylor's voluntary compliance, beginning with service of the Document Subpoena in October 2025. Declaration of Nima Gharavi ("Gharavi Decl.") ¶ 4, Ex. C, ECF No. 5. Counsel followed up with two written communications—the second warning of impending motion practice if Saylor failed to respond. *Id.* ¶¶ 5–6, Exs. D–E. When efforts turned to scheduling a deposition, counsel sent three separate emails requesting Saylor's available dates across December 2025 and January 2026, issued a formal Notice of Deposition, transmitted the Deposition Subpoena by certified mail to Saylor's Easton, Pennsylvania address and by FedEx to a second address in Coeur d'Alene, Idaho, and followed up with two additional compliance warnings before filing. *Id.* ¶¶ 9–15, Exs. H–N. Counsel also arranged for personal service: on January 28, 2026, a process server effected substitute service at Saylor's Easton, Pennsylvania residence, where his mother confirmed he lived there. *Id.* ¶ 22, Ex. P. Not one of those communications or service attempts produced a single step toward compliance. *Id.* ¶¶ 15–16.

Petitioner initiated this proceeding on February 10, 2026, seeking compliance with the Document Subpoena. ECF No. 1. On March 5, 2026, after Magistrate Judge Beth W. Jantz concluded enforcement proceedings in the Northern District of Illinois, Petitioner filed an Amended Motion to Compel, adding the Deposition Subpoena. ECF No. 5. The Amended Motion to Compel was personally served on March 19, 2026, when a process server left the

papers with Saylor's father at the Easton residence, who confirmed Saylor lived there. ECF No. 7. The Court granted the Amended Motion to Compel and entered its April 22, 2026 Compliance Order. ECF No. 10. That Order directed Saylor to: (1) produce all documents responsive to the Document Subpoena no later than May 20, 2026; (2) if Saylor contends he possesses no responsive documents, execute a sworn affidavit to that effect no later than May 6, 2026; (3) meet and confer with Petitioner no later than May 6, 2026 to schedule his deposition; and (4) appear for deposition via Zoom no later than May 20, 2026. *Id.*

Petitioner did not file immediately upon the expiration of those deadlines. On May 28, 2026, a process server personally delivered to Saylor's Easton, Pennsylvania residence a copy of this motion in full, the Compliance Order, and a written final notice of intent to file (the "Warning Letter") advising Saylor that he had twenty-one days from the date of service to comply before the motion would be filed without further notice. Suppl. Gharavi Decl. ¶ 5, Ex. F. That window closed on June 18, 2026. *Id.* ¶ 6.

### III. LEGAL STANDARD

To establish civil contempt, the movant must prove by clear and convincing evidence: (1) a valid court order existed; (2) the alleged contemnor had knowledge of the order; and (3) the alleged contemnor disobeyed the order. *Mains v. Sherwin-Williams Co.*, No. 5:20-CV-00112-JMG, 2022 WL 1443391, at *2 (E.D. Pa. May 6, 2022) (citing *Sec'y of Labor v. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019)). Ambiguities are resolved in favor of the alleged contemnor, *id.* (citing *Altor*, 783 F. App'x at 171), and evidence of good faith does not bar a finding of contempt, *id.* (citing *John T. ex rel. Paul T. v. Del. Cnty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003)). Once the movant establishes these elements, the alleged contemnor may defend only by demonstrating an inability to comply—but must introduce evidence beyond

3

a mere assertion of inability and show that it made all reasonable efforts to comply. *Altor*, 783 F. App'x at 171 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983); *Harris v. City of Philadelphia*, 47 F.3d 1311, 1324 (3d Cir. 1995)).

## IV. ARGUMENT

### A. Civil Contempt Is Established.

#### 1. Valid Court Orders Exist.

Three instruments independently satisfy the first element. The Document Subpoena and the Deposition Subpoena are each a valid court order. "Defiance of an attorney-issued subpoena is defiance of a court order, subjecting a defiant witness to contempt sanctions." *Jones v. Thomas Jefferson University Hospitals, Inc.*, No. 13-4316, 2015 WL 1255997, at *1 n.6 (E.D. Pa. Mar. 19, 2015) (adopting *Highland Tank & Mfg. Co. v. PS International, Inc.*, 227 F.R.D. 374, 380 (W.D. Pa. 2005)); accord Fed. R. Civ. P. 45 advisory committee's note to 1991 Amendment. The Compliance Order is a third, independently valid court order. Any one of these instruments alone would suffice; Saylor has defied all three.

#### 2. Saylor Had Actual Knowledge of the Court's Order.

Saylor had actual, personally verified knowledge of the Court's Compliance Order. On May 28, 2026, *this motion*, the Warning Letter, and the Compliance Order were served by substitute service at Saylor's Easton, Pennsylvania residence; the process server's records reflect that Saylor's mother confirmed—more than once—that he resides at that address, and stated only that he is out of town on business. ECF No. 14-10; Suppl. Gharavi Decl. ¶ 5. Petitioner had also transmitted the Compliance Order by UPS Ground with Adult Signature Required to Saylor's thrice-confirmed residence on April 29, 2026 at 8:47 PM; the proof of delivery reflects that the Adult Signature Required protocol was satisfied, with the recipient identifying themselves as

"willie." ECF No. 13, Ex. A. Petitioner had further served the Order by email to

willie@matscouts.com—the address Saylor uses to operate his MatScouts enterprise—on April

24, 2026, and received no delivery failure notification. ECF No. 12; Suppl. Gharavi Decl. ¶ 3.

Courts in this circuit have found the knowledge element satisfied on evidence far short of

what Petitioner has adduced here. Where certified mail went unclaimed and regular mail was

simply not returned to sender, knowledge was nevertheless established. *See Way v. Arete

Automobili Corp.*, No. CV 20-13646, 2022 WL 17730892, at *3 (D.N.J. Oct. 24, 2022). Where a

respondent personally signed a certified mail return receipt confirming delivery, knowledge was

likewise established. *See Tracfone Wireless, Inc. v. LaMarsh*, 307 F.R.D. 173, 175 n.2 (W.D. Pa.

2015) (return receipt "signed by" a respondent). Adult Signature Required delivery to Saylor's

confirmed residence—with the recipient identifying as "willie"—provides at minimum the same

certainty as a signed certified mail return receipt. Substitute service at that same address goes

further: Saylor's own mother confirmed more than once to the process server that he lives there,

and stated only that he is out of town on business. He received the Court's Order.

### 3.   Saylor Disobeyed the Court's Order.

The Compliance Order gave Saylor four directives and two firm deadlines. By May 6,

2026, he was to meet and confer to schedule his deposition and—separately—to execute a sworn

affidavit if he contended he had no responsive documents. The Court foreclosed every excuse in

advance. If Saylor had nothing to produce, he need only have said so under oath. He said

nothing. By May 20, 2026, he was further required to produce all responsive documents and

appear for deposition via Zoom. He did neither. In fact, he has not communicated in any form.

The record mirrors what courts in this circuit have repeatedly found dispositive. *See Way

v. Arete Automobili Corp.*, 2022 WL 17730892, at *3 (disobedience established where defendants

"have failed to respond or comply in any way"); *Artwide Int'l H.K. Ltd. v. Foster*, No. CV 22-6417, 2025 WL 2027638, at *3 (D.N.J. July 21, 2025) (disobedience established where respondent "did not respond to the subpoena, produce any documents, serve any objections, communicate with Plaintiff or its counsel, or 'offer any excuse for his noncompliance'"), *report and recommendation adopted*, 2025 WL 2244719 (D.N.J. Aug. 6, 2025). Saylor's chosen approach throughout this proceeding is "the worst option, almost certain to result in a contempt citation under Rule 45(g)." *MetroPCS v. Thomas*, 327 F.R.D. 600, 608 (N.D. Tex. 2018). That result is now before the Court.

**B. The Court Should Issue an Order to Show Cause and, Upon Respondent's Failure to Appear, a Writ of Body Attachment.**

Civil contempt sanctions serve two purposes: to coerce compliance with court orders and to compensate for losses sustained by the disobedience. *Ninaltowski*, 2021 WL 3051932, at *3 (quoting *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399–400 (3d Cir. 1994)). The Court has broad discretion in fashioning appropriate relief. *Id.*

**1. Order to Show Cause.**

Due process requires that Saylor be given the opportunity to appear and explain his noncompliance before sanctions are imposed. *Harris v. City of Philadelphia*, 47 F.3d 1311, 1322 (3d Cir. 1995); *see generally Ninaltowski*, 2021 WL 3051932 (scheduling show cause hearing, then finding contempt upon nonparties' failure to appear). The Court should issue that order here.

**2. Writ of Body Attachment.**

Saylor's relationship with federal legal process is not a story of oversight. It is a consistent pattern of deliberate non-compliance. When default entered against him in the underlying action—a legal admission of every allegation in the complaint—Saylor filed a sworn

declaration nine days later promising to retain counsel within a week and respond to the amended complaint within thirty days. *Gharavi et al. v. Presley et al.*, No. 24-CV-1969 (N.D. Ill.), ECF Nos. 62, 64. He did neither. The default stands more than a year and a half later.

That pattern has continued without interruption in this proceeding. As detailed above, Petitioner's counsel spent more than three months in pre-filing compliance efforts, including enforcement proceedings in the Northern District of Illinois; Petitioner then initiated this proceeding and secured the Compliance Order—which Saylor received by email, by Adult Signature Required delivery accepted at his residence by a recipient identifying as "willie," and by substitute service of this very motion at his door, followed by a twenty-one-day grace period to avoid this filing. At every stage, across every mechanism, the result was the same.

As recently as June 22, 2026—four days after Petitioner's grace period expired—Saylor was actively publishing new content for the more than 116,000 subscribers of his MatScouts media enterprise. *See* Suppl. Gharavi Decl. ¶ 7, Ex. G.



*Willie Saylor (left) of MatScouts, LLC, hosting "Basch & The Brain 411: Final X Recap," MatScouts, Rokfin, https://rokfin.com/post/259912/Basch--The-Brain-411-Final-X-Recap, published June 22, 2026 (last visited June 24, 2026; screenshot captured same date).*

He is not a passive witness who lost track of his mail. His non-participation in these proceedings is not a product of incapacity. It is a decision.

A monetary sanction would not change that. A court may impose fines where they constitute "an appropriate means to coerce compliance." *Ninaltowski*, 2021 WL 3051932, at *3. The record just surveyed shows they would not here. Every instrument directed at Saylor across more than eighteen months—written warnings, subpoenas, enforcement proceedings in two federal courts, a compliance order, and advance delivery of this very motion—has produced the same result. A daily fine is one more paper instrument in a stack he has already chosen to ignore. A Writ of Body Attachment is the only mechanism that will produce compliance because it is the only one he cannot choose to ignore.

Courts in this circuit issue writs of body attachment where a contemnor's sustained pattern of defiance leaves no other sanction capable of achieving compliance. The court in *Artwide Int'l H.K. Ltd. v. Foster*, No. CV 22-6417 (D.N.J. Mar. 6, 2026), ECF No. 59 (Ex. B), issued bench warrants upon finding "no other sanctions reasonably calculated to achieve compliance." In *Way v. Arete Automobili Corp.*, No. CV 20-13646 (D.N.J.), ECF Nos. 47, 48, 50 (Exs. C–E), after Orders to Show Cause went ignored, the district court found a defaulted defendant—as Saylor is here—in civil contempt, issued a warrant, and the United States Marshals Service executed that warrant on February 2, 2023, producing him before the court.

Upon Saylor's failure to appear at the show cause hearing, the Court should issue a Writ of Body Attachment directing the United States Marshals Service to execute the same upon Saylor and produce him before the Court, where he shall remain subject to the Court's authority until he purges his contempt by complying with the Compliance Order. Civil confinement is coercive, not punitive—Saylor holds the key to his own release at every moment. *See Tracfone*, 307 F.R.D. at 175–76.

8

### C.  Petitioner Is Entitled to Costs.

A successful movant in a civil contempt proceeding is entitled to recover "the expense of investigating the violation of the order [and] preparing for and conducting the contempt proceeding." *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994) (quoting *Robin Woods, Inc. v. Woods*, 815 F. Supp. 856, 875 (W.D. Pa. 1992), *rev'd on other grounds*, 28 F.3d 396). This includes the time and expense management incurred in enforcing the court's order. *Id.* at 401 ("there can be no doubt that the district court had the authority to order [defendants] to compensate [plaintiff] for the time and expense its management incurred"). As president and sole employee of Right Call Officials, Inc., a co-plaintiff in the underlying action, Petitioner will provide an itemization of recoverable costs—including management time spent investigating Saylor's non-compliance and preparing this proceeding, time that would otherwise have been devoted to Petitioner's duties—upon the Court's request.

### V. CONCLUSION

For the foregoing reasons, the Court should: (1) find Saylor in civil contempt of the Court's Compliance Order; (2) issue an Order to Show Cause requiring Saylor's in-person appearance at a date and time to be designated by the Court; and (3) upon Saylor's failure to appear, issue a Writ of Body Attachment directing the United States Marshals Service to execute the same upon Saylor and produce him before the Court, where he shall remain subject to the Court's authority until he purges his contempt.

Respectfully submitted,

Dated: June 24, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Petitioner*

9