**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI, | : | |
|     Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| | : | |
| v. | : | |
| | : | Underlying action: *Gharavi et al. v.* |
| WILLIE SAYLOR, | : | *Presley et al.*, No. 24-CV-1969, |
|     Respondent. | : | (N.D. Ill.) |
| | : | |

## <u>SUPPLEMENTAL DECLARATION OF NIMA GHARAVI</u>

I, Nima Gharavi, declare as follows:

1. I am the Petitioner in the above-captioned matter and appear *pro se*. I have personal knowledge of the facts set forth in this declaration.

2. I have independently researched, drafted, and filed civil enforcement proceedings in multiple federal courts without attorney assistance of any kind. These include:

   (a) *Gharavi v. Kumar*, No. 25-CV-08873-HSG (N.D. Cal.)—temporary restraining order and preliminary injunction granted. *Gharavi v. Kumar*, No. 25-CV-08873-HSG, 2025 WL 3564208, at *6 (N.D. Cal. Dec. 12, 2025) (subsequently cited as persuasive authority in *Global Weather Productions, LLC v. Al Jazeera Media Network*, No. 25-CV-05891-BLF, 2026 WL 1591091, at *4 (N.D. Cal. June 3, 2026));

   (b) *In re Digital Millennium Copyright Act Section 512(h) Subpoena to TikTok Inc.*, No. 2:25-mc-00002 (C.D. Cal.)—following oral argument, TikTok's motion for a protective order—filed by Faegre Drinker Biddle & Reath LLP—denied;

production of subscriber information for 47 accounts ordered. ECF No. 23. (May 28, 2025).

(c) *In re DMCA 512(h) Subpoena to Dynadot Inc.*, No. 3:25-mc-80138 (N.D. Cal.)—Dynadot's asserted § 512(a) safe harbor defense rejected on the merits; motion to compel granted. ECF No. 19 (Aug. 13, 2025);

(d) *Gharavi v. National Wrestling Media Association*, No. 0:26-mc-00012 (D. Minn.)—former president voluntarily complied following the filing of my motion to compel, submitting a sworn declaration attesting to the completeness of production. ECF No. 12; and

(e) *Gharavi v. Presley*, No. 1:26-mc-00007 (M.D.N.C.), ECF No. 1—motion to compel currently pending before Magistrate Judge Joanna Gibson McFadden.

The matters at (d) and (e) involve Rule 45 subpoenas issued by my counsel in the same underlying action as this proceeding. In each instance, I independently conducted all case law research, reviewed applicable local rules, and prepared and filed all motion papers without attorney direction, drafting assistance, or review.

3. On April 24, 2026, I served the Court's April 22, 2026 Order (ECF No. 10) on Respondent Willie Saylor by email to willie@matscouts.com—the email address Saylor uses to conduct business operations for his MatScouts enterprise, listed as contact information on MatScouts' public Facebook page (https://www.facebook.com/p/MatScouts-100063578554952/ (last visited May 24, 2026)). I received no bounce-back or delivery failure notification in connection with that email. A true and correct copy of that email is attached hereto as **Exhibit A**.

2

4.  As of the date of service of this motion, Saylor had not met and conferred with Petitioner, had not executed an affidavit attesting that he possessed no responsive documents, had not produced a single document responsive to the Document Subpoena, and had not appeared for or taken any step to coordinate his deposition. Saylor had not communicated with Petitioner in any form since the Compliance Order issued.

5.  On May 28, 2026, I caused a copy of this motion, the Compliance Order, and a written notice of intent to file (the "Warning Letter") to be served on Saylor by substitute service at his confirmed residence at 2989 Old Nazareth Road, Easton, Pennsylvania 18045. The process server's affidavit of service reflects that Saylor's mother accepted the documents, confirmed that Saylor resides at that address, and stated that Saylor is out of town on business. ECF No. 14-10. The Warning Letter informed Saylor that, absent compliance with the Compliance Order within three weeks of the date of service, this motion would be filed without further notice. A true and correct copy of the Warning Letter is attached hereto as **Exhibit F**.

6.  The three-week compliance window provided in the Warning Letter expired on June 18, 2026. As of the date of this filing, Saylor has not produced a single document, has not executed an affidavit, has not met and conferred to schedule his deposition, and has not communicated with Petitioner in any form.

7.  As of June 24, 2026, Saylor continues to actively operate his MatScouts media enterprise, having published new content for an audience of over 116,000 subscribers as recently as that date. True and correct copies of screenshots of Saylor's active content publishing activity captured on June 24, 2026 are attached hereto as **Exhibit G**.

8.  I have incurred out-of-pocket costs in connection with enforcing compliance with the Subpoenas and the Court's April 22, 2026 Order, including court filing fees, process server fees, and shipping costs for service of the April 22, 2026 Order. I will provide an itemization of these costs upon the Court's request.

9.  I researched, drafted, and filed this motion and its supporting documents without attorney assistance. No attorney prepared, drafted, edited, or directed any portion of the legal arguments, citations, or written submissions contained herein.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 24, 2026.

/s/ *Nima Gharavi*

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Petitioner*