**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI, | : | |
| Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| | : | |
| v. | : | |
| | : | Underlying action: *Gharavi et al. v.* |
| WILLIE SAYLOR, | : | *Presley et al.*, No. 24-CV-1969 |
| Respondent. | : | (N.D. Ill.) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S
MOTION FOR A FINDING OF CIVIL CONTEMPT
FOLLOWING RESPONDENT'S FAILURE TO SHOW CAUSE**

## I. BACKGROUND

The Court's April 22, 2026 Order (ECF No. 10) ("Compliance Order") directed Respondent Willie Saylor ("Saylor") to comply with Petitioner's document and deposition subpoenas. Saylor did not comply, and on June 25, 2026, Petitioner moved for civil contempt and an order to show cause. ECF No. 14 ("Show-Cause Motion"). On July 7, 2026, the Court ordered Saylor to show cause why he should not be held in contempt and to respond within fourteen days of personal service, warning that his failure to respond "may result in the Court holding Respondent in civil contempt, fining Respondent for each day of Respondent's noncompliance, or imposing sanctions under Federal Rule of Civil Procedure 37(b)." ECF No. 15 ("Order to Show Cause"). On July 12, 2026, a process server hand-delivered that Order and accompanying documents at Saylor's residence to his father, who confirmed that Saylor resides there. ECF No. 16. The fourteen-day period expired on Monday, July 27, 2026, and Saylor has filed no response.

## II. LEGAL STANDARD

To establish civil contempt, the movant must prove by clear and convincing evidence: (1) a valid court order existed; (2) the alleged contemnor had knowledge of it; and (3) the alleged contemnor disobeyed it. *Mains v. Sherwin-Williams Co.*, No. 5:20-CV-00112-JMG, 2022 WL 1443391, at *2 (E.D. Pa. May 6, 2022) (quoting *Sec'y of Labor v. Altor Inc.*, 783 F. App'x 168, 171 (3d Cir. 2019)).

## III. ARGUMENT

The three elements are established on the existing record. First, the Compliance Order is a valid order of the Court. ECF No. 10. Second, Saylor had knowledge of it three times over: a process server hand-delivered the Compliance Order, a final notice, and an advance copy of the Show-Cause Motion at Saylor's residence on May 28, 2026, to his mother, who confirmed that Saylor resides there (ECF No. 14-10); Petitioner delivered the Compliance Order by UPS Ground

with Adult Signature Required on April 29, 2026, with the recipient identifying as "willie" (ECF No. 13-1); and Petitioner served it by email on April 24, 2026 (ECF No. 12). Third, Saylor disobeyed it: he did not meet and confer, execute an affidavit, produce documents, or appear for deposition as directed.

Saylor received an advance copy of the Show-Cause Motion with a twenty-one-day grace period to comply; he let that period lapse. The Court then issued its Order to Show Cause on this record, requiring Saylor to answer for his noncompliance. The Order to Show Cause afforded a further opportunity to comply; he again failed to respond. The elements now stand unrebutted.

District courts have wide discretion in imposing sanctions for civil contempt, which serve "to coerce the [party] into compliance with the court's order and to compensate for losses sustained by the disobedience." *Ninaltowski v. Moore*, No. 2:20-CV-01808-JMG, 2021 WL 3051932, at *3 (E.D. Pa. July 20, 2021) (quoting *Robin Woods Inc. v. Woods*, 28 F.3d 396, 399–400 (3d Cir. 1994)). Petitioner renews his request for recoverable costs (ECF No. 14-1) and will submit an itemization on request. Any coercive sanction remains avoidable: Saylor may end it at any time by complying with the Compliance Order.

### IV. CONCLUSION

For these reasons, Petitioner respectfully requests that the Court find Saylor in civil contempt of the Compliance Order and impose such relief as it deems appropriate.

Respectfully submitted,

Dated: August 7, 2026

/s/ *Nima Gharavi*
Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Petitioner*

2