**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI, Petitioner, | : | Misc. No. 5:26-mc-00007-JMG |
| v. | : | |
| WILLIE SAYLOR, Respondent. | : | Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969, (N.D. Ill.) |

**ORDER**

**AND NOW**, this 21st day of August, 2026, upon consideration of Petitioner's Motion to Compel Willie Saylor to Comply with Subpoena Duces Tecum ("Motion to Compel") (ECF No. 1), Petitioner's Amended Motion to Compel Willie Saylor to Comply with Rule 45 Subpoenas ("Amended Motion to Compel") (ECF No. 5), the Court's Order dated April 22, 2026 (ECF No. 10), and Petitioner's Motion for a Finding of Civil Contempt Following Respondent's Failure to Show Cause ("Motion for Contempt") (ECF No. 17), **IT IS HEREBY ORDERED** as follows:

1. The Court's Order (ECF No. 10) is **VACATED**.[1]

---

[1] "Federal district courts have inherent power over interlocutory orders and may modify, vacate, or set them aside 'when it is consonant with justice to do so.'" *Hirtle Callaghan Holdings v. Thompson*, 2021 U.S. Dist. LEXIS 57888, *5-6 (E.D. Pa. Mar. 26, 2021) (quoting *United States v. Jerry*, 487 F.2d 600, 605 (3d Cir. 1973); citing *State Nat'l Ins. Co. v. Cnty. of Camden*, 824 F.3d 399, 406 (3d Cir. 2016)); *see also Walter v. SEPTA*, 2007 U.S. Dist. LEXIS 22985, *25-26 (E.D. Pa. Mar. 28, 2007) (same). Justice requires the Court to vacate its Order (ECF No. 10) granting Petitioner Nima Gharavi's Amended Motion to Compel (ECF No. 5) because Respondent Willie Saylor was never properly served the subpoena.

"[T]he 'longstanding interpretation of Rule 45 has been that ***personal service*** of subpoenas is required.'" *Crocker v. Nationwide Freight, Inc.*, 2025 WL 3218550, at *2 (E.D. Pa. Nov. 18, 2025) (quoting *Alfamodes Logis. Ltd. Liab. Co. v. Catalent Pharma Sols., Inc.*, Civ. No. 09-3543, 2011 WL 1542670, at *1 (E.D. Pa. Apr. 25, 2011)) (emphasis added); *see also Katz v. Beebe Healthcare*, No. CV 22-625-WCB, 2024 WL 5118423, at *6 (D. Del. Dec. 16, 2024) ("Most decisions from other district courts within the Third Circuit have likewise required personal service to satisfy Rule 45(b)(1)." (collecting cases)). "Unlike service of a summons and complaint, it is ***not sufficient to leave a copy of the subpoena at the dwelling place of the witness***." *Hill v. Cornell*

2. The Amended Motion to Compel (ECF No. 5) is **DENIED without prejudice**.[2]

3. The Motion for Contempt (ECF No. 17) is **DENIED as unripe**.

---

*Abraxas Grp., OS, LLC*, No. CV 19-4380, 2020 WL 13660262, at *1 (E.D. Pa. June 25, 2020) (quoting *Yarns v. Walgreen Co.*, No. CIV.A. 14-1656, 2015 WL 4041955 (E.D. Pa. July 1, 2015)) (emphasis added). "[C]ourts have held that delivering a subpoena to a person who might be expected to deliver it to the witness, such as the ***witness's wife, lawyer, or employer, is <u>inadequate</u> to satisfy the personal service*** required by Rule 45(b)(1)." *Katz*, 2024 WL 5118423, at *7 (collecting cases) (emphasis added). After carefully reviewing the docket, it is clear that Petitioner neither personally served Respondent nor asked either court for permission to serve Petitioner by substituted service.

As to the underlying action, Magistrate Judge Beth W. Jantz of the Northern District of Illinois cautioned Petitioner that, at a minimum, she would likely "require personal service on Mr. Saylor (as opposed to just mail or certified mail)." *See* Am. Mot. to Compel, at Ex. O. When Petitioner represented to Judge Jantz that he "effected personal service of the subpoena on Saylor by leaving a copy of the subpoena with Saylor's mother at his (Saylor's) residence in Easton, Pennsylvania (as confirmed by his mother)," Judge Jantz did not address the appropriateness of this method of service. *See id.* at Ex. Q. Instead, she "consider[ed] the matter concluded" because Petitioner failed to provide her with any authority on why the Northern District of Illinois was the proper District to enforce the subpoena. *See id.* Thus, Judge Jantz never approved substituted service.

So too this Court. The executed Proof of Service placed before this Court does not even show the contents of the subpoena, let alone that it was served by personal service. *See id.* at Ex. P. Petitioner only provided the Court with the "Proof of Service" page of the subpoena, which reveals that the process server served "Maryanne Sigman (mother)" at the Easton, Pennsylvania address. *See id.* at Ex. P; *see also* Pls.' Renewed Mot. to Compel, Ex. A, No. 24-01969 (N.D. Ill. Feb. 16, 2026) (ECF No. 168) (showing same one-page proof of service). Curiously, in a different font, the Proof of Service says, "Substitute Service at Abode [sic] The Mother did confirm he lived at this address, when asked." *See id.* The Amended Motion to Compel also fails to save Petitioner. There, the process server's affidavit reveals that he served Respondent's father, who "refused to accept the documents," so the process server did a "drop Serve" in front of the father. *See* Aff. of Service (ECF No. 7).

The Court made an error of law when it implicitly found service to be proper by granting the Amended Motion to Compel. Because subjecting Respondent to the harsh consequences of failing to respond to a subpoena that he was never properly served would not only be unjust, but also violates the plain text of Rule 45(g), the Court's Order dated April 22, 2026 (ECF No. 10) is **VACATED**. *See* FED. R. CIV. P. 45(g) (requiring respondent to have been served before holding him in contempt).

[2] If Petitioner properly serves Respondent a subpoena by personal service in accordance with this Order and Respondent still fails to respond, Petitioner may refile his motion to compel. However, nothing in this Order should be construed as conflicting with the case management of the Court in the Northern District of Illinois.

4. The Motion to Compel (ECF No. 1) is **DENIED as moot**.

5. The Clerk of Court is **DIRECTED** to **CLOSE** the case.

BY THE COURT:

*/s/ John M. Gallagher*
JOHN M. GALLAGHER
United States District Court Judge