**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NIMA GHARAVI,<br>Petitioner,<br><br>v.<br><br>WILLIE SAYLOR,<br>Respondent. | :<br>:<br>:<br>:<br>:<br>:<br>: | Misc. No. 5:26-mc-00007-JMG<br><br>Underlying action: *Gharavi et al. v. Presley et al.*, No. 24-CV-1969 (N.D. Ill.) |

**MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S MOTION TO ALTER OR AMEND THE COURT'S AUGUST 21, 2026 ORDER UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e)**

## TABLE OF CONTENTS

Page

I. BACKGROUND ..... 1
II. LEGAL STANDARD ..... 1
III. ARGUMENT ..... 2
A. The Order was entered without notice or an opportunity to be heard. ..... 2
B. Two premises of the Order are not supported by the record. ..... 3
C. The authorities on which the Order relies recognize an exception, and this record satisfies it. ..... 4
D. Each of those authorities preserved the proceeding rather than terminating it. ..... 10
IV. CONCLUSION ..... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfamodes Logistics Ltd. Liab. Co. v. Catalent Pharma Sols., LLC*,
2011 WL 1542670 (E.D. Pa. Apr. 25, 2011) ..... 10

*Armstrong v. Manzo*,
380 U.S. 545 (1965) ..... 2, 3

*Auteri v. Via Affiliates*,
2025 WL 1094251 (E.D. Pa. Apr. 11, 2025) ..... 6, 8

*Castillo v. Shippensburg Urb. Devs., Inc.*,
2021 WL 12313250 (M.D. Pa. Nov. 24, 2021) ..... 4, 6, 10

*Crocker v. Nationwide Freight, Inc.*,
2025 WL 3218550 (E.D. Pa. Nov. 18, 2025) ..... 4, 5, 6, 10, 11

*Daly v. Restore Integrative Wellness, LLC*,
2024 WL 5057195 (E.D. Pa. Dec. 10, 2024) ..... 6, 8

*Doe v. Princeton Univ.*,
349 F.R.D. 92 (D.N.J. 2025) ..... 4

*Hamilton v. Radnor Twp.*,
662 F. Supp. 3d 536 (E.D. Pa. 2023) ..... 4

*High Tech Nat'l, LLC v. Stead*,
2020 WL 3605286 (E.D. Pa. July 2, 2020) ..... 6, 10

*Hill v. Cornell Abraxas Grp., OS, LLC*,
2020 WL 13660262 (E.D. Pa. June 25, 2020) ..... 5, 6, 11

*In re Bestwall LLC*,
47 F.4th 233 (3d Cir. 2022) ..... 11

*In re Madden*,
151 F.3d 125 (3d Cir. 1998) ..... 11

*Katz v. Beebe Healthcare*,
2024 WL 5118423 (D. Del. Dec. 16, 2024) ..... 5, 6, 7, 10, 11

*Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*,
176 F.3d 669 (3d Cir. 1999) ..... 2, 3

*Ohio v. Johnson*,
467 U.S. 493 (1984) ..... 2

*Tracfone Wireless, Inc. v. LaMarsh*,
307 F.R.D. 173 (W.D. Pa. 2015) ..... 8

*United States v. Jerry*,
487 F.2d 600 (3d Cir. 1973) ..... 2, 3

*Van v. Atl. Health Sys.*,
2021 WL 9528031 (D.N.J. June 9, 2021) ..... 4, 10

*Walter v. SEPTA*,
2007 WL 966227 (E.D. Pa. Mar. 28, 2007) ..... 2

*Way v. Arete Automobili Corp.*,
2022 WL 17730892 (D.N.J. Oct. 24, 2022) ..... 7

*Whitmer v. Lavida Charter, Inc.*,
1991 WL 256885 (E.D. Pa. Nov. 26, 1991) ..... 5, 6

*Yarus v. Walgreen Co.*,
2015 WL 4041955 (E.D. Pa. July 1, 2015) ..... 5, 6, 10

**Rules**

Fed. R. Civ. P. 5 ..... 3

Fed. R. Civ. P. 45(b)(1) ..... 4, 5, 10

Fed. R. Civ. P. 59(e) ..... 1, 3

**Statutes**

28 U.S.C. § 1291 ..... 11

**Other Authorities**

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2454 (3d ed.) ..... 5, 6

Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2461 (1971 ed.) ..... 5

## I. BACKGROUND

On March 5, 2026, Petitioner filed his Amended Motion to Compel Willie Saylor to Comply with Rule 45 Subpoenas, supported by a memorandum of law and the Declaration of Nima Gharavi with Exhibits A through Q. ECF No. 5. On April 22, 2026, the Court granted that motion and directed Respondent Willie Saylor ("Saylor") to produce responsive documents, to execute an affidavit under penalty of perjury if he possessed none, to meet and confer to schedule a deposition, and to appear for a deposition by Zoom. ECF No. 10 ("Compliance Order").

Saylor did not comply. Petitioner served the Compliance Order by email (ECF No. 12), by UPS Ground with Adult Signature Required (ECF No. 13), and by hand delivery at Saylor's residence (ECF No. 14-10), and moved for civil contempt on June 25, 2026. ECF No. 14. On July 7, 2026, the Court ordered Saylor to show cause why he should not be held in civil contempt for his failure to meet and confer and to produce documents "by the dates set forth in the Court's Order dated April 22, 2026 (ECF No. 10)." ECF No. 15. A process server delivered that order and the accompanying papers at Saylor's residence on July 12, 2026. ECF No. 16. Saylor filed no response, and on August 7, 2026, Petitioner moved for a finding of contempt. ECF No. 17.

On August 21, 2026, the Court vacated the Compliance Order, denied the Amended Motion to Compel without prejudice, denied the contempt motion as unripe, and directed the Clerk to close the case. ECF No. 18 ("Order"). No motion sought that relief. No party briefed it. Petitioner received no notice that the Compliance Order was under reconsideration and no opportunity to be heard before it was vacated.

## II. LEGAL STANDARD

A court may grant a motion under Federal Rule of Civil Procedure 59(e) on one of three grounds: an intervening change in the controlling law, the availability of new evidence not

available when the court entered the order, or the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Walter v. SEPTA*, No. 05-418, 2007 WL 966227, at *9 (E.D. Pa. Mar. 28, 2007). Petitioner proceeds on the third.

## III. ARGUMENT

### A. The Order was entered without notice or an opportunity to be heard.

*United States v. Jerry*, 487 F.2d 600 (3d Cir. 1973), *abrogated on other grounds by Ohio v. Johnson*, 467 U.S. 493 (1984), supplies the Order's authority to vacate. It also addresses what follows when that authority is exercised without notice. There, the district court permitted a defendant to withdraw a guilty plea; the Government moved for reconsideration without serving the attorney then representing him; and the court rescinded its order as improvidently issued. 487 F.2d at 602–03. The Third Circuit assumed that the absence of notice and an opportunity to be heard deprived the defendant of due process so as to render the rescinding order constitutionally invalid, and held that the infirmity was "cured by the hearing subsequently afforded him" eight days later, at which he "was provided with full opportunity to present objections." *Id.* at 605.

No hearing was afforded here. The Compliance Order stood for four months. Petitioner served it three separate ways and built a record upon it. The Court itself relied upon it in issuing the Order to Show Cause, which required Saylor to answer for his failure to comply with its dates. ECF No. 15. It was then vacated without any motion seeking that relief. The same Order directed the Clerk to close the case.

The opportunity to file this motion does not supply the cure *Jerry* describes. In *Armstrong v. Manzo*, a state court held that the constitutional infirmity arising from a failure to give notice "had been cured by the hearing subsequently afforded to him upon his motion to set aside the

decree." 380 U.S. 545, 551 (1965). The Supreme Court disagreed. The petitioner "was faced on his first appearance in the courtroom with the task of overcoming an adverse decree," rather than of contesting the question in the first instance. *Id.* Due process affords an opportunity to be heard, and it is "an opportunity which must be granted at a meaningful time and in a meaningful manner." *Id.* at 552.

Had Petitioner been heard before the Compliance Order was vacated, the question would have been decided under the standard governing a motion to compel. What is available instead is a motion under Rule 59(e), on which Petitioner must establish clear error of law or fact or manifest injustice. *Max's Seafood Cafe*, 176 F.3d at 677. In *Jerry*, the subsequent hearing reached the underlying motion: "Testimony was then taken and complete argument made by opposing counsel as to whether the guilty plea should be withdrawn." 487 F.2d at 606. The opportunity to seek relief from an order after it is entered is not the opportunity to be heard before it is entered.

**B. <u>Two premises of the Order are not supported by the record.</u>**

First, the Order observes that the executed Proof of Service "does not even show the contents of the subpoena," and that Petitioner "only provided the Court with the 'Proof of Service' page of the subpoena." ECF No. 18 at 2 n.1. That is so of Exhibit P, which is the one-page executed return. However, the subpoena itself appears elsewhere in the same declaration: The AO 88A deposition subpoena appears at Exhibit L, ECF No. 5, pages 76 through 81. Similarly, the document subpoena appears at Exhibit C, pages 46 through 55.

Second, the Order states that the Amended Motion to Compel "also fails to save Petitioner" because the process server's affidavit shows service upon Saylor's father, who "refused to accept the documents," followed by a "drop Serve." ECF No. 18 at 2 n.1. That affidavit records service of the Amended Motion and its supporting papers, which is governed by Fed. R. Civ. P. 5. It is not

an affidavit of service of a subpoena under Rule 45(b)(1). The refusal it describes is therefore not a failure of subpoena service. What it establishes is different: Petitioner's diligence, and the obstruction it met. A process server reached Saylor's residence, an adult relative confirmed Saylor lives there, and the papers were refused at the door. ECF No. 7.

### C. The authorities on which the Order relies recognize an exception, and this record satisfies it.

The Order states the personal service rule in one sentence: "[T]he 'longstanding interpretation of Rule 45 has been that **personal service** of subpoenas is required.'" ECF No. 18 at 1 n.1 (quoting *Crocker v. Nationwide Freight, Inc.*, No. 25-2307, 2025 WL 3218550, at *2 (E.D. Pa. Nov. 18, 2025)) (emphasis in original). In *Crocker*, that clause is the second half of a sentence beginning: "The Third Circuit has not interpreted the meaning of 'delivering' as used in the Rule." *Crocker*, 2025 WL 3218550, at *2. The same page continues: "Nevertheless, 'when circumstances warrant, courts have permitted service ... by alternative means,'" citing *Doe v. Princeton University*, 349 F.R.D. 92, 100–01 (D.N.J. 2025), and, among others, *Castillo v. Shippensburg Urban Developers, Inc.*, No. 1:19-CV-2236, 2021 WL 12313250, at *1 (M.D. Pa. Nov. 24, 2021), and *Van v. Atlantic Health Systems*, No. 17-4254, 2021 WL 9528031, at *2 (D.N.J. June 9, 2021). *Crocker*, 2025 WL 3218550, at *2. The governing standard, which *Crocker* takes from *Hamilton v. Radnor Twp.*, 662 F. Supp. 3d 536, 541 (E.D. Pa. 2023), is that "personal service is required 'absent compelling circumstances that would justify a departure from the wider accepted interpretation.'" *Crocker*, 2025 WL 3218550, at *2. *Crocker* opens its analysis by acknowledging that the record "suggest[ed] that at least some of the subpoenaed entities were aware of the subpoenas," and continuing: "Nonetheless, because none of the subpoenaed entities were personally served, a prerequisite to their enforcement under Rule 45, the Court must deny Defendants' motions to enforce." *Id.* That sentence states the result the opinion reaches; read as a

categorical bar it would abolish, on the same page, the exception the opinion recognizes two paragraphs later. The court's stated reason came at the end of its analysis: "Defendants have not shown any compelling circumstances warranting a deviation." *Id.* And it identified what was missing: "Unlike the limited cases in which courts have permitted alternative means of service, Defendants made **no attempt** at personal service." *Id.* (emphasis added).

Petitioner did. On January 28, 2026, counsel engaged a process server, who delivered the deposition subpoena to Saylor's mother, Maryanne Sigman, at 2989 Old Nazareth Road, Easton, Pennsylvania. ECF No. 5, Ex. P. Whether that delivery satisfied Rule 45(b)(1) is the question presented. That it occurred distinguishes this record from *Crocker*'s.

*Crocker* identified a second problem as well: the record there did not, in most instances, "clearly establish whether certain subpoenaed entities are ignoring the subpoena or whether Defendants' service agent has failed to reach the appropriate department." *Crocker*, 2025 WL 3218550, at *2. Here there is no such ambiguity. Saylor received counsel's correspondence about the document subpoena and answered it in writing. ECF No. 5, Ex. E.

Moreover, the authority the Order invokes for the dwelling-place proposition does not reach these facts. The Order attributes to *Hill v. Cornell Abraxas Group, OS, LLC*, No. 19-4380, 2020 WL 13660262, at *1 (E.D. Pa. June 25, 2020), the statement that "it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness." ECF No. 18 at 1–2 n.1 (emphasis omitted). As the Court notes, *Hill* is quoting *Yarus v. Walgreen Co.*, No. 14-1656, 2015 WL 4041955, at *2 n.5 (E.D. Pa. July 1, 2015). But *Yarus* takes the sentence from a parenthetical describing *Whitmer v. Lavida Charter, Inc.*, No. 91-0607, 1991 WL 256885 (E.D. Pa. Nov. 26, 1991). *Whitmer*'s analysis of the service question is two sentences, the operative one quoting Wright & Miller § 2461 (1971 ed.), a different section from the § 2454 upon which *Crocker*, *Katz*,

and *Daly* rest. *Id.* at *2. The third edition of § 2454 records that while the "longstanding interpretation" of Rule 45 required personal service, a "growing number" of courts have departed from that interpretation. *Castillo*, 2021 WL 12313250, at *1.

The facts of *Whitmer* are also remote from these. There, a process server slipped subpoenas under a condominium door, and a property manager found them in a common hallway and mailed them back to counsel. 1991 WL 256885, at *1. No person was contacted. *Whitmer* did not consider in-hand delivery to an identified adult relative who resides with the witness and who confirms that fact upon inquiry.

Whether circumstances are compelling also turns on who the recipient is. In *Katz*, *Crocker*, *Auteri*, *Yarus*, *Hill*, *Daly*, and *Whitmer* alike, the subpoena recipient was a nonparty to the underlying action. The personal service requirement protects people of that kind.

Saylor is the paradigmatic case of a person for whom it was not written. He is a named defendant in the underlying action. ECF No. 5, Ex. A. He announced publicly on March 19, 2024 that he had been served: "Just got served papers that i'm being sued for defamation as a co-defendant alongside Flo." *Id.*, Ex. G. Default was entered against him and his company MatScouts, LLC on November 6, 2024, and it has never been vacated. *Id.*, Ex. B.

The Order also relies on *Katz v. Beebe Healthcare*, No. 22-625-WCB, 2024 WL 5118423 (D. Del. Dec. 16, 2024), quoting its statement at *6 that most district-court decisions within this Circuit have required personal service, and its statement at *7 that delivering a subpoena to someone who might be expected to pass it along is inadequate. ECF No. 18 at 1–2 n.1. Footnote 2 of that opinion collects the decisions within this Circuit holding to the contrary, among them *High Tech National, LLC v. Stead*, No. MC 19-191, 2020 WL 3605286 (E.D. Pa. July 2, 2020), an order entered in a miscellaneous subpoena enforcement action in this District. *Katz*, 2024 WL 5118423,

at *6 n.2. Footnote 3 states that "[r]easonable arguments can be made in favor of the minority position," and identifies the dividing line: courts adopting that position "have generally required evidence that the witness received the subpoena or at least had notice of it." *Id.* at *7 n.3. *Katz* found no evidence that the witness received the subpoena. *Id.* at *7.

Here that evidence is present, and it establishes the first branch of that test rather than merely the second. Petitioner's counsel caused the document subpoena to issue on October 3, 2025, and served the Notice of Subpoena with a copy of the subpoena that day. ECF No. 5, Ex. C. Counsel emailed Saylor at willie@matscouts.com on October 22, 2025, attaching the subpoena and asking him to confirm whether a response was forthcoming, whether there had been any issue with service or production, and whether he had objections to its scope. *Id.*, Ex. D. Counsel wrote again on November 3, 2025, setting a November 10 deadline and advising that a motion to compel would otherwise follow. *Id.*, Ex. E. Saylor answered that email the same day, from willie@matscouts.com: "i don't have any communications discussing this case. i'm not sure what i'm supposed to do." *Id.*

That reply resolves the question of receipt. It establishes that the address is live and monitored by Saylor himself, that he received the document subpoena, that he read the correspondence seeking its enforcement, and that he understood a response was expected of him. Saylor had designated that address himself, instructing Petitioner by direct message to "email me - willie@matscouts.com." *Id.*, Ex. F. It is the address from which he operates the MatScouts enterprise, ECF No. 14-2 ¶ 3, and the address to which every subsequent communication was directed.

Courts in this Circuit have found knowledge of process established on considerably less. In *Way v. Arete Automobili Corp.*, certified mail went unclaimed and regular mail was simply not

returned to sender; that supplied clear and convincing evidence of knowledge. No. 20-13646, 2022 WL 17730892, at *3 (D.N.J. Oct. 24, 2022), *report and recommendation adopted* (D.N.J. Dec. 9, 2022), ECF No. 42. In *Tracfone Wireless, Inc. v. LaMarsh*, a signed certified mail return receipt sufficed. 307 F.R.D. 173, 175 n.2 (W.D. Pa. 2015). Here the evidence is not an inference drawn from an unreturned envelope. It is a written statement from Saylor.

Two decisions of this District identify what would justify a departure from the personal service requirement. In *Daly v. Restore Integrative Wellness, LLC*, No. 23-4035, 2024 WL 5057195 (E.D. Pa. Dec. 10, 2024), the court denied leave to serve by certified mail where a process server had attempted service on three consecutive weekdays at a locked apartment complex he could not enter, and closed: "However, if there is evidence that the witness is attempting to evade service, the court will reconsider this ruling." *Id.* at *2. In *Auteri v. Via Affiliates*, No. 22-3384, 2025 WL 1094251 (E.D. Pa. Apr. 11, 2025), the court declined to excuse personal service and added that "[i]f Plaintiff proceeds with good faith efforts to fulfill the requirements for service under Rule 45 but his efforts are obstructed, the Court will consider whether a departure from the usual personal service requirement is warranted." *Id.* at *1 n.1.

The evidence *Daly* and *Auteri* describe is in this record. Petitioner escalated through every available means across ten months, and every one of them failed. Counsel began by issuing a Notice of Deposition on December 18, 2025, noticing a deposition for January 13, 2026, and emailed it to the address Saylor designated. ECF No. 5, Exs. H, I. Counsel followed up on December 30, 2025, on January 5, 2026, and again on January 15, 2026. *Id.*, Exs. J, K, N. Saylor answered none of them. Counsel mailed the deposition subpoena by certified mail on January 6, 2026, to the Easton address on file in the underlying action. *Id.*, Ex. L.

Counsel also arranged for personal service. On January 28, 2026, a process server delivered the deposition subpoena at 2989 Old Nazareth Road, Easton, Pennsylvania, to his mother, Maryanne Sigman. *Id.*, Ex. P. Petitioner separately arranged for service of the Amended Motion and its supporting papers. On March 18, 2026, at 6:57 a.m., a process server attempted service at the same address and reported lights on inside the residence, a dog barking, and a pickup truck in the driveway, but no answer at the door. ECF No. 7. The process server returned the following day and reached Saylor's father. Per the affidavit, the father said that "Willie, his son, is a grown man and comes and goes when he wants," confirmed when asked several times that Willie lives at that address, and refused the documents. *Id.* A household that answers the door, confirms the witness lives there, and declines to accept the papers is not a household that has failed to locate him.

After the Compliance Order issued on April 22, 2026, Petitioner served it three further ways. Petitioner served it by email on April 24, 2026, and received no delivery failure notification. ECF No. 12; ECF No. 14-2 ¶ 3. Petitioner delivered it by UPS Ground with Adult Signature Required on April 29, 2026, the recipient identifying as "willie." ECF No. 13-1. On May 28, 2026, a process server delivered the Compliance Order, a warning letter, and an advance copy of the contempt motion at the same address to Saylor's mother, who confirmed that Saylor resides there and stated that he was out of town on business. ECF No. 14-10. On July 10, 2026, at 11:05 a.m., a process server knocked and rang the doorbell several times at the same address; a dog barked and no one answered. ECF No. 16. He returned on July 12, 2026, and delivered the Compliance Order, the contempt motion and its supporting papers at ECF Nos. 14 through 14-10, and the Order to Show Cause to Gary Sigman, Saylor's father, who this time accepted the papers and stated that Willie does live at that address and that he was out of town for a week. *Id.*

The showing is cumulative. Saylor confirmed receipt of the document subpoena in writing, at an email address he designated. The deposition subpoena was sent to his residence by certified mail. A process server later attended that residence on **six occasions** and delivered papers on four. The first of those deliveries was the deposition subpoena; the remainder were Petitioner's motion papers and the Court's orders. Two adult relatives living there confirmed on three occasions that he resides at that address, one of them refusing the papers at the door, where the server left them. A carrier delivery requiring an adult signature was accepted by a recipient identifying as "willie." Every one of these communications reached either the email address Saylor designated or the residence where he lives. He has answered none of them since November 3, 2025.

*Crocker* denied enforcement where the movants made no attempt at personal service at all. 2025 WL 3218550, at *2. *Van* permitted substitute service after two failed attempts by a process server and unsuccessful efforts by counsel to reach the deponent. 2021 WL 9528031, at *1–2. *Castillo* permitted it on evidence of intentional avoidance and of nonresponse to court orders. 2021 WL 12313250, at *1. The Order observes that Petitioner did not seek leave to serve by other means. ECF No. 18 at 2 n.1. Whether the service effected satisfied Rule 45(b)(1) is the question *Katz*, *Alfamodes*, and *High Tech* each decided on service already made, and it is the question Petitioner respectfully asks the Court to decide here.

### D. Each of those authorities preserved the proceeding rather than terminating it.

Each of the authorities on which the Order relies for the personal service rule denied relief within an underlying civil case that remained pending. *Alfamodes* denied the contempt petition in a pending civil action. *Alfamodes Logistics Ltd. Liability Co. v. Catalent Pharma Solutions, LLC*, No. 09-3543, 2011 WL 1542670, at *2 (E.D. Pa. Apr. 25, 2011). *Yarus* denied the motions and reopened fact discovery "for the limited purpose of taking these depositions." 2015 WL 4041955,

at *3–4. *Hill* denied a motion for leave to serve deposition subpoenas by alternative means in a matter that remained before the court. 2020 WL 13660262, at *1. *Crocker* denied the motions to enforce in a pending personal injury action, having earlier allowed the movants seven days to renew them. 2025 WL 3218550, at *1. *Katz* denied contempt and then addressed the terms upon which the deposition would proceed. 2024 WL 5118423, at *7–9. In each, the denial was one step within an underlying pending civil action, and the docket remained open.

None vacated a standing order of the court. None closed the case.

This proceeding is different in kind. It exists only to enforce these subpoenas. Where the order under review was entered by a district court other than the one adjudicating the underlying action, the Third Circuit determines finality by asking "whether the aggrieved entity has any means, other than an immediate appeal before us, to obtain appellate review of the district court's decision." *In re Madden*, 151 F.3d 125, 127 (3d Cir. 1998). The Third Circuit restated the rule in 2022. *In re Bestwall LLC*, 47 F.4th 233, 241–42 (3d Cir. 2022) (applying *Madden* where appeals from the underlying proceeding would lie in another circuit). The underlying action here is pending in the Northern District of Illinois, and the Seventh Circuit has no jurisdiction over an order of this district. The Order is therefore final under 28 U.S.C. § 1291.

Nor does the Order's provision for refiling alter that conclusion. ECF No. 18 at 2 n.2. Refiling would not restore the Compliance Order, the dates the Court set, or Saylor's noncompliance with them. Vacatur did not defer relief. It withdrew relief already granted, on a record built in reliance upon it.

## **<u>IV. CONCLUSION</u>**

For these reasons, Petitioner respectfully requests that the Court alter or amend paragraphs 1 and 2 of the Order, vacate paragraph 5, reopen this proceeding, and reinstate the Compliance

Order and the grant of the Amended Motion to Compel, the record establishing compelling circumstances warranting a departure from the personal service requirement.

Respectfully submitted,

Dated: September 4, 2026

/s/ *Nima Gharavi*

Nima Gharavi, *pro se*
4610 North Clark St. #1098
Chicago, IL 60640
Phone: +1 (773) 899-4688
nima@rightcallofficialsinc.com

*Petitioner*